DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-0076-RRB-JDR |
| | ) |
| Plaintiff, | ) |
| | ) **RESPONSE TO MOTION FOR** |
| vs. | ) **PRODUCTION AND** |
| | ) **INSPECTION OF GRAND JURY** |
| BYRON WILLIAMS, | ) **PROCEEDINGS** |
| RODERICK WILLIAMS, | ) |
| TANYA E. CHAISON, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Production and Inspection of Grand Jury Proceedings", filed at Docket 149.  This motion was joined by defendant Roderick Williams at Docket 174, and by defendant Byron Williams at Docket 186.  Therein, the defendants request all Grand Jury transcripts, exhibits, and "other notes, records, and documents" relating to the

Grand Jury.   The defendant's motion should be denied.

## ARGUMENT

Essentially, the defendant seeks a wholesale disclosure of all matters occurring before the grand jury.  The defendant simply ignores the existence of the "long-established policy that maintains the secrecy of the grand jury proceedings in federal court."  United States v. Proctor & Gamble, 356 U.S. 677, 681 (1950); Douglas Oil Company v. Petrol Stops Northwest, 44l U.S. 211, 219 (1979). See also Pittsburgh Plate Glass Company v. United States, 360 U.S. 395 (1959); In Re Grand Jury Disclosure, 550 F. Supp. 1171 (E.D. Va. 1982).

Contrary to the defendant's unsupported assertion (the authorities he does rely upon in fact discuss the "particularized need" requirement for disclosure), in order to lift the veil of secrecy, one seeking disclosure must show a "particularized need" for such disclosure.  Dennis v. United States, 384 U.S. 855, 868-875 (1966).  To show a "particularized need", defendants must establish that the material they seek is needed: (1) to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only the material so needed.  Douglas Oil, 441 U.S. at 221-222, citing Proctor & Gamble Co., 356 U.S. 677.  The standard of particularized need is narrowly applied to ensure that only relevant grand jury

testimony is made available to defendants.  United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978).  The court will not invade grand jury secrecy based on a defendant's fishing expedition.  United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980).

In considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.  Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties.  Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.  Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation.  Thus, the interest in grand jury secrecy, although reduced, are not eliminated merely because the grand jury ended its activities.  Douglas Oil, 441 U.S. at 222-223.

The defendant has not approached the required showing of particularized need.  The defendant simply states, "Nevertheless, a 'particularized need' exists here."  Defendant's motion, p. 3,   Unfortunately, the defendant never enlightens the Court or the United States as to what such particularized need is.  Thus, far

from having a basis in demonstrated and particularized need, the defendant's request is based on mere suspicion. It is a fishing expedition in the purest sense. The nature of the compelling need to justify pre-trial disclosure of grand jury minutes has been properly stated as "a gross and prejudicial irregularity influencing the grand jury." United States v. Leonelli, 428 F. Supp. 880, 883 (S.D.N.Y. 1977); United States v. Dioguardi, 332 F. Supp. 7, 20 (S.D. N.Y. 1971).

The government submits that the defendant merely seeks grand jury testimony which is not discoverable on a pre-trial motion. Rather, its disclosure under certain circumstances is controlled by 18 U.S.C. Section 3500, et seq. Because the defendant did not testify before the grand jury, no disclosure of testimony is required at this time. See United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978). Except for her own testimony, a defendant is not entitled of right to pre-trial access to the testimony before the grand jury. The obligation of the government is merely to make available to the defendant the testimony of a witness before the jury at the conclusion of the direct testimony of such witness at trial. United States v. Anderson, 481 F.2d 685, 692 (4th Cir. 1973).

Aside from grand jury transcripts, the defendant also requests other ministerial records of the Grand Jury's functioning. The recognized right of public access to such ministerial records is "subject to the rule of grand jury

secrecy." In re Special Grand Jury (For Anchorage, Alaska), 674 F.2d 778, 781 (9th Cir. 1982). As the Ninth Circuit later explained, the Anchorage, Alaska case does not recognize a right of access to such records "when there is neither a history of such access nor an important need justifying access." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).

Under the Fifth Amendment and Rules 6(a) and (f) of the Federal Rules of Criminal Procedure, an indictment is valid if: (1) the grand jury returning the indictment consisted of between 16 and 23 jurors; (2) every grand jury session was attended by at least 16 jurors; and (3) at least 12 jurors voted to indict. No requirement exists that every juror voting to indict attend every session. United States v. Loverage Funding Systems, Inc., 637 F.2d 645, 649 (9th Cir. 1980). As long as a quorum is present at every session and at least twelve jurors vote to indict, both the Constitution and the Rules are satisfied. See United States v. Provenzano, 688 F.2d 194, 201 (3d Cir. 1982); United States v. Long, 644 F.2d 1232, 1235 (7th Cir. 1980); United States v. Colasurdo, 453 F.2d 585, 596 (2d Cir. 1971).

Obviously, the United States has no objection to the defendant obtaining publicly available ministerial information from the Clerk of Court with respect to the Grand Jury that indicted the defendant. However, that does not appear to be the purpose of his motion. Indeed, in his proposed Order, the defendant does not

allude to any ministerial aspects of the Grand Jury.

## CONCLUSION

For the foregoing reasons, the defendant's motion to disclose Grand Jury materials should be denied.

RESPECTFULLY SUBMITTED this 21st day of February, 2006 in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Frank V. Russo
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500 (fax)
>Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on February 21, 2006 via:

    (X) Electronic case filing notice

David Weber, Esq.
Lance C. Wells, Esq.
D. Scott Dattan, Esq.


s/ Frank V. Russo