DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:05-0076-RRB-JDR |
| Plaintiff, ) | |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE |
| ) | TO DEFENDANT'S MOTION |
| RODERICK WILLIAMS, ) | PERTAINING TO CONFIDENTIAL |
| TANYA E. CHAISON, ) | INFORMANTS |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion Pertaining to Confidential Informants", filed at docket 146.  This motion was joined by co-defendant Roderick Williams at docket 179, although the Superseding Indictment does not name defendant Roderick Williams in Count 2.   Nevertheless, defendant Chaison

speculates that there are "confidential informants" that will inculpate her. In other words, she wants to know who the witnesses are against her and what they will say. While the defendant's curiosity is understandable, it does not give rise to a discovery obligation on behalf of the United States.

The defendant points to no specific fact in any affidavit or piece of evidence that justifies disclosure of the identity of a witness, much less an informant. Rather, the defendant simply claims "She should know who they [the informants] are and what they allege." Defendant's Motion, p. 3. A mere request for disclosure of an informant's identity is generally held to be insufficient. United States v. Mainello, 345 F. Supp. 863, 88l-882 (E.D.N.Y. 1972). Speculation of helpfulness will not compel disclosure. United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir. l978). Nor will the mere possibility of obtaining relevant testimony compel disclosure. United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979).

Quite simply, defendant's motion is a request for the names of witnesses. In a non-capital case, such as this one, the defendant has no right to a list of prosecution witnesses through discovery. United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969). To the extent that the United States discovers information from a witness that the defendant did not violate 21 U.S.C. § 856, the United States

acknowledges its duty to disclose such information pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.  <u>See</u> United States' Response to Defendant's "Motion for Specific Kyles and Brady Information".  The United States will also comply with its obligations under the Jencks Act regarding the production of witness statements.  Therefore, the defendant has failed to support its request for names, addresses, and copies of statements of confidential informants at this early juncture.

RESPECTFULLY SUBMITTED this 21st day of February, 2006 in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Frank V. Russo
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500 (fax)
>Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 21, 2006, via:

(X) Electronic case filing notice

David Weber, Esq.
Lance C. Wells, Esq.

s/ Frank V. Russo