**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA

Plaintiff,

vs.

(01) BYRON WILLIAMS,
(02) LATONYA STUCKEY,
(03) KELVIN WASHINGTON,
(04) RODERICK WILLIAMS,
(05) MARIE INEZ HASAN-LOMAX,
(06) TANYA E. CHAISON and
(07) PAULA MARIE ROBARDS,

Defendants.

**3:05-cr-00076-RRB-JDR**

**ORDER**
**REGARDING**
**DISCOVERY MOTIONS**
**(Defendants**
**06-Chaison and 04-R. Williams)**

(Docket Nos. 147, 169, 178)

Defendant **Tanya Chaison** moves for discovery of her statements Docket No. 147. Co-defendant **Roderick Williams filed a joind**er at Docket Nos. 169 and 178. The government submitted an opposition, Docket No. 202. Upon due consideration the motions are granted and denied as set forth below.

Defendant Chaison makes six specific requests in the motion for discovery before the court. *See* Docket No. 147, p.3. The joinder by co-defendant Roderick Williams read literally requests the statements of Tanya Chaison. The government has interpreted this joinder as a request for Mr. Williams's own statements and the court will consider the joinder as such.

The first request seeks all statements of the moving defendant, regardless of their form, and regardless of whether the government considers them relevant. The second request seeks disclosure of all waivers of rights purportedly signed by the defendant. With respect to Requests 1 and 2, the government states it has already provided such information. Docket No. 202, p.3. Accordingly, Requests 1 and 2 are granted as unopposed.

Request No. 3 seeks all summaries and/or notations of the defendants' statements made by government agents or witnesses, including state and local officers working with the government. The government objects to this request on grounds that government agents' notes are not "statements" within the scope of Federal Criminal Rule 16. United States v. Brown, 303 F.3d 582 (5th Cir. 2002) states that the government satisfies its obligation under Federal Criminal Rule 16(a)(1)(A) requiring it to disclose upon request written recorded statements made by a defendant when it discloses an FBI agent's "302 Report" that contains all of the information contained in the agent's interview notes. Thus, in the Fifth Circuit under

Brown a criminal defendant does not have a right to preparatory interview notes where the content of those notes have been accurately included in a typewritten report prepared by a government agent that has been disclosed to the defendant. I find Brown to be persuasive and applicable to Chaison's Request No. 3. Thus, the government is required to provide in pretrial discovery the moving defendant's statements contained in an accurate summary by a government agent. The request in this ruling does not address the scope or disclosure required by the government pursuant to the Jencks Act, 18 U.S.C. § 3500 after a witness has testified on direct examination. Nor does this order protect against disclosure of an agent's rough notes that contain material and exculpatory information that must be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

Federal Criminal Rule 16(a)(1)(A) addresses the defendant's oral statement made by the defendant in response to interrogation by a person then known to the defendant to be a government agent if the government intends to use this statement at trial. I view this language to include any non-law enforcement witness that the defendant knew to be a government agent at the time interrogation was conducted. Any summaries or notations made by witnesses who are not deemed to have been government agents would appear to be covered by the Jencks Act and not discoverable in preparation of trial. The defense's oral statements subject to disclosure under Rule 16(a)(A) are limited by the Rule to responses to

interrogation, but there is no material difference between a statement overheard by an undercover government agent and that overhead by a third party who subsequently informs the agent, if the government records the statement for future use such as trial. Any statement not made in response to an official interrogation is not affected by the oral statement's clause of Rule 16(a)(1)(A). Chaison's Request No. 3 is granted with the limitations as discussed above.

Request No. 4 seeks all recordings of Chaison's questioning by any state or local law enforcement officer on January 27, 2006 obtained while defendant was in a "place of detention." Chaison cites as authority Stephan v. State, 711 P.2d 1156 (Alaska 1985). The government responds that there are no such recordings of the defendant's statements. Request No. 4 is denied as moot and the government shall be bound its statement that no such recording(s) exist.

Request No. 5 seeks all statements or summaries of statements made by third parties to the government, purporting to relate statements made by the moving defendant. If the accused's statements were made to a third party but later related to a government agent those statements are discoverable prior to trial as statements of the accused.

Request No. 6 is a catch-all request for all statements where remarks of the defendant and statements of any alleged unindicted co-conspirator(s) who made to an investigating officer to the extent not covered by the first five requests.

Request No. 6 is denied for lack of specificity. Chaison argues that statements of co-conspirators should be discoverable the same as statements directly attributed to the moving defendant. Unlike Request No. 5 where the third-party statements are limited to those purporting to relate to statements made by the defendant, Request No. 6 has no such limitation. Request No. 6 is also overly broad.

Chaison seeks disclosure of co-conspirator statements where the declarants are not prospective government witnesses. Statements made by a co-conspirator that the government does not plan to offer at trial as an admission of the moving defendant are not discoverable unless such statement is exculpatory. Likewise, adoptive admissions, that is, admissions directly attributed to the moving defendant because of her own action or inaction at the time the statements are made in her presence must be disclosed if within the rationale of Brady v. Maryland, supra. In the Ninth Circuit the Jencks Act prohibits pretrial disclosure of witnesses statements even when such statements contain oral "statements" attributable to the accused where the statements are not governed by Brady. *See* United States v. Walk, 533 F.2d 417, 420 (9th Cir. 1975).

Chaison requests the court to conduct a hearing pursuit to United States v. James, 590 F.2d 575 (5th Cir.)(on banc), cert. denied 442 U.S. 917 (1979) to require the government to establish its foundation for the admissibility of all co-conspirator's statements at trial. In United States v. Zemek, 634 F.2d 1159, 1169,

n.13 (9th Cir. 1980), cert denied 450 U.S. 985 and 452 U.S. 905 (1981), the Ninth Circuit Court of Appeals expressly rejected the Fifth Circuit's preference for a pretrial determination of admissibility. The Ninth Circuit leaves the order of proof to the discretion of the trial judge. Zemek, 634 F.2d at 1169; United States v. Rabb, 752 F.2d 1320, 1325 (9th Cir. 1984). The trial judge is not bound by the rules of evidence when determining preliminary fact questions except for matters relating to privilege. Federal Rule of Evidence 104(a). Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if the "statement is offered against a party and in furtherance of the conspiracy." In Bourjaily v. United States, 483 U.S. 171 (1987) the court held that the Confrontation Clause of the Sixth Amendment does not require the trial court to inquire into the circumstances of co-conspirator's statements to determine independent indicia of the reliability of the statements. *Id.* at 182.

In its response the government recognizes its duty to establish by a preponderance of the evidence that the co-conspirator's statements sought to be admitted was made in furtherance of the conspiracy. *See* also Bourjaily, 483 U.S. at 173. Wherefore, the decision as to how and when the government must lay a proper foundation for the admission of co-conspirator statements including the order of proof are reserved for the trial judge. United States v. Long, 706 F.2d 1044, 1053 (9th Cir. 1983). *See* also Commentary to Rule 104(c), Federal Rules of Evidence which characterizes such procedure as time consuming and notes that frequently the

same evidence which is relevant to the issue of establishing a condition precedent to admissibility is also relevant to the weight or credibility.

The government is directed to comply with this order no later than close of business on March 13, 2006, or submit statements to the court for an in camera inspection together with a memorandum of points and authorities as to why such statements of the defendant should not be produced as ordered herein.

DATED this 8th day of March, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge