Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BYRON WILLIAMS, ) | |
| LATONYA STUCKEY, ) | |
| CALVIN WASHINGTON, ) | |
| **RODERICK O. WILLIAMS**, ) | |
| MARIE INEZ HASAN-LOMAX, ) | |
| TANYA E. CHAISON, and ) | |
| PAULA M. ROBARDS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 3:05-cr-76-4-RRB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS**

### I.   Facts.

According to the search warrant affidavit submitted in support of Search Warrant by Special Agent Mark J. Schmidt of the Drug Enforcement Administration, he states in ¶8 that on December 14, 2005, U.S. Magistrate John D. Roberts of the United States District Court issued a warrant for the arrest of Roderick Williams based on a second superseding indictment by a federal grand jury, charging Roderick Williams with one count of

drug conspiracy in violation of Title 21 U.S. Code, §846, 841(a)(1)&(b)(1)(a). The officer received a copy of the warrant for arrest for Roderick Williams from the United States Marshals Service in Anchorage, on December 14, 2005. The paragraph goes on to state that, in addition to these charges, the officers are aware that Mr. Williams is a previously convicted drug felon in the State of Alaska.

In reviewing ¶9, Officer Schmidt speaks with APD Officer, Detective Gordon Dorr, and requested that he check Anchorage Police Department and Alaska state records to determine any possible locations where Mr. Williams might be residing. According to the affidavit, Detective Dorr informed him that a girlfriend of Mr. Williams, Paula Robards, resided at Romig Court Apartments, 1303 W. 23rd Avenue, in Apt. No. 28. He also then goes on to state that, based on previous surveillance, he knew that a vehicle belonging to Mr. Williams had been previously parked in front of the Romig Court Apartments at the above address. The officer was also further informed that Paula Robards had an active Alaska State misdemeanor warrant for her arrest. The officer had obtained copies of photographs of both Mr. Williams and Ms. Robards so as to be familiar with both of their appearances.

Detective Dorr, according to the affidavit and Officer Schmidt, established surveillance in the vicinity of 1303 W. 23rd

Avenue, during the evening hours of December 14. A black Lincoln Navigator, license tag no. ETM 384 was parked directly in front of the apartments at 1303 W. 23rd Avenue. The officer goes on to state that, based on information provided by cooperating defendant, Mr. Williams drove a black Lincoln Navigator.

During the morning of December 15, 2005, Officer Schmidt periodically drove past the above address in an attempt to observe Mr. Williams. The Lincoln Navigator was observed still parked in the same spot as the previous evening. At approximately 1:50 p.m. on December 15, 2005, he observed the Lincoln Navigator depart the area around 1303 W. 23rd Avenue. The vehicle was followed, and Mr. Williams was observed to exit the vehicle at the corner of W. 23rd Avenue & Cope Street. He observed that Ms. Robards was driving a Lincoln Navigator. He observed that Mr. Williams walked to the driver's side door of a blue and white pickup truck which had turned onto Cope Street, just as Mr. Williams was exiting the vehicle. The officer drove past and observed Ms. Robards drive the Lincoln Navigator around the block. After about one minute, the officer then observed that Ms. Robards had returned to the corner of W. 23rd Avenue & Cope Street, and picked up Mr. Williams. The officer observed the pickup truck drive out of Cope Street and turn west onto W. 23rd Avenue, traveling at what is described as "a high rate of speed". The officer believed, based on his training observations

*MOTION TO SUPPRESS*
*United States of America v. Roderick O. Williams*                    *Page 3 of 11*
*Case No. 3:05-cr-76-4-RRB*

and experience, that he had observed some type of illicit transaction.

The officer, according to the affidavit, then followed Mr. Williams and Ms. Robards in their vehicle, and observed that Mr. Williams was in the second row seat, moving around without a seatbelt on. He observed both Mr. Williams and Ms. Robards looking at his vehicle as they turned from W. 23rd Avenue onto North Star Street.

According to ¶14 of the affidavit submitted in support of search warrant, as their vehicle slowed to turn west onto Fireweed Lane, the officer activated his emergency red and blue lights including siren to stop the vehicle. The officer describes his dress as that in body armor with the word "police" displayed in front, along with his DEA badge being displayed on his belt. Both Mr. Williams and Ms. Robards were ordered out of the vehicle. With assistance from other DEA agents, both were arrested and taken into custody. Their three-year-old daughter who was in the backseat was removed from the vehicle and placed with her mother. The officer states that he was near the open door of the vehicle, when he smelled the burning odor of marijuana.

According to ¶15 of the affidavit, Special Agent Ken Solek, drove the Lincoln Navigator out of the traffic on North Star Street. This agent informed Agent Schmidt that he had smelled

burning marijuana in the vehicle, and observed a large sum of U.S. currency in several bundles inside an open purse in front of the vehicle. Based on these observations, the black Lincoln Navigator was transported back to DEA Office in Anchorage, for processing in order to initiate administrative forfeiture proceedings. Mr. Williams was also transported back to Anchorage DEA Office for processing. Ms. Robards was turned over to Anchorage Police Department Officers' custody for processing, related to her Alaska State misdemeanor warrant.

Pursuant to DEA policy for vehicles subject to administrative forfeiture proceedings, a search of the black Lincoln Navigator transpired. The search resulted in the seizure of approximately $3,000 in U.S. currency, a set of digital scales with suspected cocaine residue, a lit hand-rolled cigarette containing suspected marijuana, a package of cigarette rolling papers, and documents belonging to both Ms. Robards and Mr. Williams.

According to ¶17 of the affidavit, a handler and canine trained in the detection of odors of controlled substances were called to the DEA Anchorage Office, in order to examine the vehicle and currency found within. According to the affidavit, the canine handler told the officer that the dog had indicated positive for the odor of controlled substance on both the vehicle and currency. Additionally, Special Agent Rambo

conducted a field test for the presence of cocaine in the residue found on the digital scales. According to the affidavit, the field test indicated positive for the presence of cocaine residue.

According to ¶18 of the affidavit, on December 15, 2005, at approximately six o'clock p.m., DEA agents secured the residence located at 1303 W. 23rd Avenue, Apt. #28, Anchorage, Alaska, in anticipation of seeking a federal search warrant to search that location. While securing the apartment, the agents encountered Paula Robards. Special Agent Solek informed Agent Schmidt that he had smelled the odor of burning marijuana inside the apartment. Agent Solek observed a pipe with suspected marijuana residue on a bookshelf in the main room of the apartment. Mr. Solek also stated he observed a clear plastic baggy with its lower corner torn off in plain view in the bathroom of the apartment. See exhibit "A", Affidavit in Support of Search Warrant.

Based upon the foregoing information, Agent Schmidt believes there is probable cause to believe that the residence located at 1303 W. 23rd Avenue, Apt. #28, Anchorage, Alaska, is being used to conceal and store items as referenced in attachment "A"; all of which are fruits, evidence, and instrumentalities of crimes against the United States of America, that is, the unlawful distribution of cocaine,

possession with intent to distribute cocaine, maintaining a residence or place for the purpose of distributing cocaine, as well as the conspiracy to commit those offenses, in violation of Title 21 of the United States Code; money laundering in violation of Title 18, United States Code Sections 1956, 1957; and aiding and abetting the afore stated crimes against the United States, in violation of Title 18, United States Code, Section 2.

As a result of the affidavit for search warrant being submitted to the magistrate, Magistrate John D. Roberts on December 15, 2005, issued Search Warrant A05-244 MJ for the location at 1303 W. 23rd Avenue, Apt. #28, Anchorage, Alaska, in the District of Alaska. For items set forth in attachment "A". See exhibit "B".

On December 15, 2005, the above search warrant was executed, at which time eleven items were removed from the residence. See exhibit "C".

Defendants Roderick Williams and Paula Robards are lessees of the above address.

## II. Argument.

Defendant Roderick Williams hereby moves to suppress all items removed from the above address, as it is defendant's position that said search was in violation of the Constitution

of the United States, Article IV, Searches and Seizures which states:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Said above article was proposed by Congress on September 25, 1789, and declared ratified on December 15, 1791.

The sole issued raised in this motion is whether or not the agents violated the Fourth Amendment by searching defendant's residence prior to the issuance of a valid search warrant, when entry was effectuated into the residence prior to the issuance of a warrant by Magistrate John D. Roberts.

It is believed that it will not be disputed that defendant, Roderick Williams, has standing to bring this motion. Nor is it believed it will be disputed that both Mr. Williams and Ms. Robards were both arrested on December 15, 2005. Nor is it believed disputed that agents of the government conducted a warrantless search of the residence prior to the issuance of Search Warrant A05-244 MJ. In <u>United States of America v. Michael S. Lancellotti</u>, 761 F.2d 1363 (9th Cir. 1985), the court

utilized the test handed down in <u>Segura v. United States</u>, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) to decide an issue similar to that of defendant, Roderick Williams. Defendant Williams contends that the motion to suppress the evidence should be granted on the ground that the issuance of a valid search warrant did not purge the evidence of the type created by the prior warrantless entry into the apartment. Here, there were no exigent circumstances justifying a warrantless entry into the apartment. Both defendant Roderick Williams and Paula Robards were arrested. The officers had sufficient time in which to merely secure the residence, without entering it, by placing officers at the front and back of the residence so as to ensure that no one entered the residence prior to the warrant being issued. Furthermore, the officers do not describe hearing anyone inside of the residence prior to their effectuating warrantless entry. The information contained within the affidavit for search warrant, describing what the officer saw once he effectuated warrantless entry, including the smell of marijuana smoke, the observation of a marijuana pipe with marijuana, and a baggy with the end torn off observed in a bathroom, are items that would not have been observed nor known to the officers had they not effectuated a warrantless entry.

    Furthermore, there was no independent source for the discovery of the evidence seized. The vehicle observed being

driven by both defendant Williams and Ms. Robards is registered to neither of them. The vehicle is registered to Shandrika Annette Jenkins, a black Lincoln Navigator manufactured in 1998, with a license number of ETM 384. See exhibit "D". Neither the defendant, Roderick Williams, nor Ms. Robards is the owner of the vehicle.

The observations, made by the officers who effectuated entry into the residence without a warrant, were placed into the affidavit of Agent Schmidt which effectuated probable cause being established for the issuance of the warrant for the residence listed above. Had it not been for this information, and the lack of any independent source, said warrant would not have issued.

### III. Conclusion.

It is respectfully requested that all evidence seized from the above residence be suppressed.

DATED at Anchorage, Alaska, this 3rd day of April 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
April 3, 2006, a copy

of the foregoing was served electronically:

Frank Russo
Asst. U.S. Attorney
frank.russo@usdoj.gov

James A. Goeke
Asst. U.S. Attorney
james.goeke@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by fax:

Tim Astle
U.S. Probation/Pretrial Services Office
271-3060

and by mail:

▲ Marie Inez Hasan-Lomax
   c/o Anchorage Jail
   1400 E. 4th Ave
   Anchorage, Alaska 99501

s/Lance C. Wells