Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BYRON WILLIAMS, ) | |
| LATONYA STUCKEY, ) | |
| CALVIN WASHINGTON, ) | |
| **RODERICK O. WILLIAMS**, ) | |
| MARIE INEZ HASAN-LOMAX, ) | |
| TANYA E. CHAISON, and ) | |
| PAULA M. ROBARDS, ) | |
| ) | |
| Defendants. ) | |
| _____) | Case No. 3:05-cr-76-4-RRB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT FOR SEVERANCE**

Defendant Roderick O. Williams has been charged in a multi-count indictment. There are six co-defendants, in addition to Mr. Williams, charged under this indictment. The indictment charges this defendant with inter alia, committing unlawful acts with some of his co-defendants.

Rule 14 of the Federal Rules of Criminal Procedure provides that, if it appears that a defendant is prejudiced by a joinder of offenses or of defendants in an indictment, the court may

order a severance of the defendant. The decision as to whether separate trials should be ordered is a matter within the sound discretion of the trial court judge. See U.S. v. Whitley, 734 F.2d 1129 (6th Cir. 1984). Mr. Williams' co-defendants will prejudice Mr. Roderick O. Williams by the admission of evidence pertaining to the testimony and other evidence, which does not apply to Mr. Williams. This is particularly true in this matter in view of the fact that, of the multitude of audiotapes, there is only a paucity of discussion regarding Mr. Roderick O. Williams. Certainly, evidence pertaining to those co-defendants would be inadmissible in a separate trial for Mr. Williams. Secondly, if defendant Roderick O. Williams were granted a separate trial, the court would not have to be concerned about the out-of-court statements of the co-defendants and defendant Roderick O. Williams' right of confrontation.

In Bruton v. United States, 391 U.S. 123, 20 L.Ed.2d 476 (U.S. 1968), the court found a Sixth Amendment violation in which a non-testifying co-defendant's confession, which implicated Bruton, was admitted. The court also found that this encroachment on Bruton's rights could not be avoided by a jury instruction to disregard the confession as to Bruton. Cruz v. New York, 481 U.S. 186, 95 L.Ed.2d 162 (U.S. 1987). Clearly, a risk of such constitutional violation is present unless severance occurs.

The Ninth Circuit has found that a risk of prejudice is great in a case of such as one before this court, that being a "mega-trial" of substantial length and complexity. This case, which has seven defendants, has voluminous recorded voice, audiotapes, and a substantial volume of written material and objects. Thus, it is believed that this case falls within the ambit of such doctrine. United States v. Baker, 10 F.2d 1374, 1389-93 (9th Cir. 1993); see United States v. Vasquez-Valasco, 15 F.3d 833 (9th Cir. 1994).

Finally, there does not appear to be a practical way for the court to minimize the prejudice to Mr. Roderick O. Williams in a joint trial. The testimony regarding the co-defendants certainly has the potential of influencing the jury as to the guilt of Roderick O. Williams, who is alleged to be involved in only some of the crimes charged in this indictment. The court cannot reasonably expect a jury to perform the demanding tasks of considering the independent evidence against all of the defendants. See United States v. Douglass, 780 F.2d 1472 (9th Cir. 1986), in which the Ninth Circuit Court of Appeals affirmed a denial of severance, but noted the well-settled principle that a great disparity in the amount and nature of evidence offered against joined defendants may require severance. It is believed that such disparity exists herein so as to require severance.

In conclusion, defendant Roderick O. Williams requests that the court order severance in this matter.

DATED at Anchorage, Alaska, this 5th day of April 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
April 5th, 2006, a copy
of the foregoing was served
electronically:

Frank Russo
Asst. U.S. Attorney
frank.russo@usdoj.gov

James A. Goeke
Asst. U.S. Attorney
james.goeke@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by fax:

Tim Astle
U.S. Probation/Pretrial Services Office
271-3060

and by mail:

- Marie Inez Hasan-Lomax
  c/o Anchorage Jail
  1400 E. 4th Ave
  Anchorage, Alaska 99501

s/Lance C. Wells