DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:05-cr-0076-04-RRB-JDR |
| Plaintiff, | |
| vs. | |
| RODERICK O. WILLIAMS, | OPPOSITION TO MOTION TO SEVER |
| Defendant. | |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes defendant's motion for severance, filed at docket 238, with an accompanying memorandum of law filed at docket 239.  The defendant,

pursuant to Fed. R. Crim. P. 14, moves to sever his trial from those of his co-defendants based on United States v. Bruton, 391 U.S. 123 (1968). Additionally, the defendant argues for severance based on the theory that a joint trial would be prejudicial to his individual interests. The defendant has not shown how a joint trial will substantially prejudice his rights. Furthermore, the defendant has not identified the purported Bruton problems with any co-defendant's post-arrest statement. For the reasons set forth below, the defendant's motion for severance should be denied.

## BACKGROUND

A federal grand jury has charged the defendant, along with co-defendants Byron Williams, Marie Inez Hasan-Lomax, and Paula Roberds in Counts 1 and 3 of the Third Superseding Indictment in this case, to wit, Drug Conspiracy, in violation of 21 U.S.C. § 846, and Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856, respectively[1]. The defendant appears to contend first, that there may be Bruton problems with co-defendants' post-arrest statements that will prejudice him. However, the defendant has not identified such problems, nor does the United States intend to violate the Bruton rule in this case by introducing

---

[1] Roberds is presently only named in Count 3.

any post arrest statement that infringes upon the defendant's rights.  Next, the defendant contends that he has been prejudicially joined in the indictment, and seeks relief pursuant to Fed. R. Crim. Proc. 14(a).  However, this claim is based on misguided speculation that the jury will be unable to follow the trial court's instructions.

## JOINDER IS PROPER

The defendant has failed to meet his burden of proving he will suffer actual prejudice or that substantial rights will be affected by proceeding to trial with the other co-defendants.  Normally, defendants who are jointly indicted should be jointly tried.  United States v. Mariscal, 939 F.2d 884 (9th Cir. 1991); United States v. Polizzi, 801 F.2d 1543 (9th Cir. 1986).   Fed. R. Crim. P.  Rule 8 is the rule that approves of the joinder of both offenses and parties in the same indictment. The goal of this rule is to maximize trial convenience and efficiency with a minimum of prejudice.  United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999).   Thus, the courts construe Fed. R. Crim. P. 8 as to be liberally applied in favor of joinder.  Sarkisian at 975.

Fed. R. Crim. P. 8 provides that when the offenses or parties are part of the same act or transaction or in the same series of acts or transactions constituting the offense or offenses.   The term "transaction" is interpreted flexibly, and whether a

"series" exists depends on whether there is a "logical relationship" between the transactions. Sarkisian, at 975-6. A "series of transactions" can be logically related either by "by the existence of a common plan, scheme, or conspiracy" or by a showing that the evidence of the common activity constitutes a substantial portion of proof of the joined charges  United States v. Vasquez-Velasco, 15 F.3d 833, 843-44 (9th Cir. 1994).

Fed. R. Crim. P. 14 provides that offenses or parties joined pursuant to Fed. R. Crim. 8 may be severed from one another where it appears that a defendant or the government will suffer prejudice by the joinder of charges or defendants. The prejudice must be clear, manifest, or undue. United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988). It must involve prejudice of a nature and significance sufficient to violate one of the defendant's substantive rights, such as the opportunity to present his own defense or to deny the defendant a fair trial. United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991).

It is the defendant's burden to make a strong showing that he will be prejudiced by being tried with the other defendants. Williamson v. United States, 310 F.2d 192 (9th Cir. 1962). Defendants are required to establish compelling reasons why severance is appropriate. Parker v. United States, 404 F.2d 1193 (9th Cir. 1968). The defendant has established neither prejudice nor any compelling

reasons in support of the motion other than to make a general complaint that evidence against co-defendants would "spill over" onto the defendant and thus would be unfair.

The primary consideration in determining prejudicial effect in a joint trial is whether the jury can reasonably be expected to separate the evidence as it relates to the individual defendants. United States v. Escalante, 637 F.2d 1197 (9th Cir.), cert. denied, 449 U.S. 856 (1980). Antagonistic and conflicting defenses do not necessarily require severance, even if there are hostilities between the defendants or if they blame one another. United States v. Brady, 579 F.2d 1121 (9th Cir. 1978), cert. denied, 439 U.S. 1074 (1979).

" To warrant severance, a defendant must establish clear, manifest, or undue prejudice from joinder... [m]erely suggesting, or even demonstrating, a comparative advantage in separate trials, absent a showing of manifest prejudice, doe not entitle a coconspirator to severance." United States v. Adler, 879 F.2d 473 (9th Cir. 1988). For instance, in a conspiracy case, severance is required when co-conspirators' defenses are mutually exclusive - when acquittal of one defendant necessarily results in the conviction of the other, not when the defenses are merely inconsistent. Id. "The mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating the others does not generate the kind of

prejudice that mandates severance." United States v. Sherlock, 865 F.2d 1069 (9th Cir. 1989).

The fact that there may be more incriminating evidence against one defendant as opposed to another co-defendant is insufficient to justify a separate trial for the latter. United States v. Marcello, 731 F.2d 1354 (9th Cir. 1984). The prejudicial effect of the greater presentation of evidence and additional charges against one co-defendant, can be eliminated by instructions to the jury. United States v. Douglass, 728 F.2d 1472 (9th Cir. 1986). Denial of severance is proper even though evidence is weaker against one of the co-defendants. United States v. Candoli, 870 F.2d 496 (9th Cir. 1989).

The defendant argues that if he were tried separately from his co-defendants, the court would not have to be concerned about co-defendant out of court statements. However, co-conspirator statements would be admissible against each defendant at a separate trial or at a joint trial. See Fed. R. Evid. 801(d)(2)(E). Therefore, because the government must first lay the foundation for admission of coconspirator statements, the defendants can not now establish that he will be prejudiced by the admission of the as yet unidentified co-defendant statements.

The defendant's citation to United States v. Bruton, 391 U.S. 123 (1968), does not support his motion. The defendant has not explained how a joint trial

will violate the holding of Bruton.  The United States has produced a over 70 compact discs containing recordings of co-defendants Byron Williams and Roderick Williams.  The defendant has not identified which, if any, recording violates his confrontation rights.  The United States intends to play such recordings to the extent that they constitute co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2).  Such use would not violate Bruton.  As previously stated, the United States does not intend to violate the Bruton rule in this case by introducing any post arrest statement that infringes upon the defendant's rights.  To the extent that the United States discovers a statement it intends to use that may arguably infringe upon confrontation rights, the United States will bring such statement to the attention of the defendant and the Court.   Even if such a statement arises,, a number of options exist with respect to use of such statement at trial, if the affected parties proceed to trial.  For example, the court may (1) delete references in the statement  to the co-defendant against whom the statement is inadmissible, see Richardson v. Marsh, 481 U.S. 200 (1987); (2) order severance of the defendants' trials; or (3) try the defendants together but before different juries, see Smith v. De Robertis, 758 F.2d 1151 (7th Cir. 1985) .

    Finally, this trial does not come close to being classified as a "mega" trial and this is not a reason for severance. Likewise, the defendant's mistrust of the

jury's intelligence is unfounded and does not justify his motion. In sum, the evidence against the defendants, the witnesses, and the places involved will all be the same. A separate trial would unnecessarily consume judicial resources when a joint trial would be appropriate. For the forgoing reasons, the United States submits that the remaining defendants have failed to meet their burden and requests that the court deny the motion to sever.

RESPECTFULLY SUBMITTED this  10th day of April, 2006 in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/ Frank V. Russo
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> (907) 271-5071
> (907) 271-1500 (fax)
> Frank.Russo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2006,
a copy of the foregoing was served
electronically on Lance C. Wells, Esq.

s/ Frank V. Russo