UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br> vs.<br><br>RODERICK O. WILLIAMS,<br><br>    Defendant. | 3:05-cr-00076-RRB-JDR<br><br>**RECOMMENDATION ON<br>MOTION FOR SEVERANCE**<br><br>(Docket Entry 238) |

   Defendant Roderick O. Williams moves the court to sever his trial from that of his co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Docket entry 238. The motion is opposed by the government. Docket entry 242. Upon due consideration of the pleadings, I conclude that the motion lacks merit.

   Rule 14, Fed.R.Crim.P. gives the court discretion to order a severance of defendants if it appears that a defendant is prejudiced by a joinder of offenses or of parties in an indictment. Williams seeks a severance of trials claiming that much of the evidence in

a joint trial would not apply to him, that a joint trial may violated <u>Bruton v. United States</u>, 391 U.S. 123 (1968), and that it is unreasonable to expect a jury to consider evidence separately as to each of the co-defendants who may go to trial.

  Williams is charged with his co-defendants in a conspiracy to distribute controlled substances in violation of 21 U.S.C. §846 (Count 1)and with maintaining a drug involved premise in violation of 21 U.S.C. § 856 (Count 37) in the Third Superseding Indictment. Williams does not challenge his initial joinder in the multi-defendant indictment. Generally, defendants who are jointly indicted should be jointly tried. <u>United States v. Mariscal</u>, 939 F.2d 8884 (9th Cir. 1991). Williams's moving papers fail to establish that in a joint trial he would not likely receive a fair trial or be given an opportunity to present his own defense. Upon consideration of the nature of the charges and expected evidence at trial, there is no reason to conclude that the jury could not reasonably be expected to separate the evidence as it relates to individual defendants. *See*, <u>United States v. Escalante</u>, 637 F.2d 1197 (9th Cir. 1980). The desire of a defendant(s) to exculpate himself by inculpating co-defendants does not generate the kind of prejudice that requires a severance. <u>United States v. Sherlock</u>, 865 F.2d 1069 (9th Cir. 1989). The fact that there may be different quanta of evidence introduced as to various defendants is insufficient to justify a separate trial of defendants. <u>United States v. Marcello</u>, 731 F.2d 1354 (9th Cir. 1984). Nor is severance required even though evidence may be weaker against the moving defendant than that against his co-defendants. <u>United States v. Candoli</u>, 870 F.2d 496 (9th Cir. 1989). The government

3-05-cr-00076-RRB-JDR WILLIAMS, R @238 RR Re Mtn to Sever.wpd   2

RR @238 Deft Williams, R-Mtn to Sever
3-05-cr-00076-RRB-JDR   Signed by Judge John D. Roberts   04/10/2006; Page 2 of 4


has acknowledged its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  Williams offers no specificity with regard to any post-arrest statements that he fears the government may seek to introduce in violation of <u>Bruton</u>.  Fed.R.Evid. 801(d)(2)(E) provides that a statement is not hearsay if the "statement is offered against a party in furtherance of the conspiracy." Wherefore, Williams has made an insufficient showing to merit a severance for trial.  The motion for severance should therefore be denied.  IT IS SO RECOMMENDED.

DATED this 10th day of April, 2006, at Anchorage, Alaska.

  /s/ John D. Roberts  
JOHN D. ROBERTS  
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Monday, April 17, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187-1189 (9th Cir.), <u>cert</u>. <u>denied</u>, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in

support.  Response(s) to the objections shall be filed on or before **NOON, Monday, April 24, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).