Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BYRON WILLIAMS, ) | |
| LATONYA STUCKEY, ) | |
| CALVIN WASHINGTON, ) | |
| **RODERICK O. WILLIAMS**, ) | |
| MARIE INEZ HASAN-LOMAX, ) | |
| TANYA E. CHAISON, and ) | |
| PAULA M. ROBARDS, ) | |
| ) | |
| Defendants. ) | |
| _____) | Case No. 3:05-cr-76-4-RRB |

### **OBJECTIONS TO RECOMMENDATION ON MOTION FOR SEVERANCE**

COMES NOW DEFENDANT RODERICK O. WILLIAMS by and through his attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C., and hereby files his Objections to the Master's Recommendation to Deny Defendant Roderick's Motion for Severance previously filed in this matter.

Defendant Roderick O. Williams has previously moved this court to sever his trial from that of his co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure. See

docket entry 238. The motion has been opposed by the government at docket entry 242. Rule 14 of the Federal Rules of Criminal Procedure gives the court discretion to order a severance of a defendant if it appears that a defendant is prejudiced by joinder of offenses or of parties in an indictment. Mr. Williams has sought a severance of his trial on the theory that a joint trial would prejudice his individual interest. Additionally, Mr. Williams argues for severance based on <u>United States v. Bruton</u>, 391 U.S. 123, 20 L.ed.2d 476 (U.S. 1968).

It is the defendant's position that this court has overlooked and failed to analyze the impact of the Ninth Circuit's decision in <u>United States v. Baker</u>, 10 F.2d 1374, 1389-93 (9th Cir. 1993); see also <u>United State v. Vasquez-Valasco</u>, 15 F.3d 833 (9th Cir. 1994), in which the court held that a risk of prejudice is great in a case such as the one before this court, that, being a "mega-trial" of substantial length and complexity. This is a case which has multiple defendants, voluminous and substantial written material, and objects. Furthermore, there is substantial and voluminous recorded voice compact disks consisting of well over one hundred CDs. Most, if not all, of the audio taped conversations involve co-defendant Byron Williams. Here, the primary consideration in determining prejudicial effect in a joint trial is whether the jury can reasonably be expected to separate the evidence as it

relates to the individual defendants. See <u>United States v. Escalante</u>, 637 F.2d 1197 (9th Cir. 1980). It is defendant's position that he has established a clear showing of manifest prejudice, and that this prejudicial effect of the greater presentation of evidence as to co-defendant Byron Williams cannot be eliminated by instructions to the jury.

Should this motion be denied, defendant not only preserves this point for appeal if subsequently convicted by a jury trial, but may again raise this issue in the event the government follow through with its stated intent to use co-conspirator statements made during the course of the conspiracy. In order to do this, pursuant to Federal Rule of Evidence 801(d)(2)(E), provides that a statement is not hearsay if the "statement is offered against a party and in furtherance of the conspiracy" before a court will admit a statement of a co-conspirator into evidence and against a defendant, the government must establish by a preponderance of the evidence the three following requirements: (1) the existence of a conspiracy; (2) that the defendant and declarant were members of the conspiracy, and lastly, (3) the statements were made during the course of, and in furtherance of, the conspiracy. <u>Bourjaily v. United States</u>, 483 U.S. 171, 173 (1987). Because the government must first lay the foundation for admission of co-conspirator statements, defendant Roderick O. Williams cannot now establish that he will

be prejudiced by the admission of the as-yet-unidentified co-defendant statements about which he is concerned. The government through its attorney has made representations to undersigned counsel, that any taped statements intended to be utilized by the government, taken from the multitude of compact disks, will be made known to counsel for defendant prior to trial as to just which statements the government intends to utilize. This may very well trigger a renewed motion to sever.

Lastly, the defendant's motion to sever, while it referred specifically to the third superseding indictment in which Williams was last named, has also meant to encompass all previous indictments in which the defendant has been named within them.

For the reasons expressed above, it is respectfully requested that defendant's Motion to Sever be granted.

DATED at Anchorage, Alaska, this 17th day of April 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
April 17th, 2006, a copy
of the foregoing was served

*OBJECTIONS TO RECOMMENDATION ON MOTION FOR SEVERANCE*
<u>United States of America v. Roderick O. Williams</u>                    Page 4 of 5
*Case No. 3:05-cr-76-4-RRB*

electronically:

Frank Russo
Asst. U.S. Attorney
frank.russo@usdoj.gov

James A. Goeke
Asst. U.S. Attorney
james.goeke@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by fax:

Tim Astle
U.S. Probation/Pretrial Services Office
271-3060

and by mail:

▲ Marie Inez Hasan-Lomax
   c/o Anchorage Jail
   1400 E. 4th Ave
   Anchorage, Alaska 99501

s/Lance C. Wells