Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYRON WILLIAMS, | ) |
| LATONYA STUCKEY, | ) |
| CALVIN WASHINGTON, | ) |
| **RODERICK O. WILLIAMS**, | ) |
| MARIE INEZ HASAN-LOMAX, | ) |
| TANYA E. CHAISON, and | ) |
| PAULA M. ROBARDS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Case No. 3:05-cr-76-4-RRB

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
SECOND MOTION TO SUPPRESS PHYSICAL EVIDENCE**

**I.    Facts.**

According to the search warrant affidavit submitted in
support of Search Warrant by Special Agent Mark J. Schmidt of
the Drug Enforcement Administration, he states in ¶8 that on
December 14, 2005, U.S. Magistrate John D. Roberts of the United
States District Court issued a warrant for the arrest of
Roderick Williams based on a second superseding indictment by a
federal grand jury, charging Roderick Williams with one count of

drug conspiracy in violation of Title 21 U.S. Code, §846, 841(a)(1)&(b)(1)(a). The officer received a copy of the warrant for arrest for Roderick Williams from the United States Marshals Service in Anchorage, on December 14, 2005. The paragraph goes on to state that, in addition to these charges, the officers are aware that Mr. Williams is a previously convicted drug felon in the State of Alaska.

In reviewing ¶9, Officer Schmidt speaks with APD Officer, Detective Gordon Dorr, and requested that he check Anchorage Police Department and Alaska state records to determine any possible locations where Mr. Williams might be residing. According to the affidavit, Detective Dorr informed him that a girlfriend of Mr. Williams, Paula Robards, resided at Romig Court Apartments, 1303 W. 23rd Avenue, in Apt. No. 28. He also then goes on to state that, based on previous surveillance, he knew that a vehicle belonging to Mr. Williams had been previously parked in front of the Romig Court Apartments at the above address. The officer was also further informed that Paula Robards had an active Alaska State misdemeanor warrant for her arrest. The officer had obtained copies of photographs of both Mr. Williams and Ms. Robards so as to be familiar with both of their appearances.

Detective Dorr, according to the affidavit and Officer Schmidt, established surveillance in the vicinity of 1303 W. 23rd

Avenue, during the evening hours of December 14. A black Lincoln Navigator, license tag no. ETM 384 was parked directly in front of the apartments at 1303 W. 23rd Avenue. The officer goes on to state that, based on information provided by cooperating defendant, Mr. Williams drove a black Lincoln Navigator.

During the morning of December 15, 2005, Officer Schmidt periodically drove past the above address in an attempt to observe Mr. Williams. The Lincoln Navigator was observed still parked in the same spot as the previous evening. At approximately 1:50 p.m. on December 15, 2005, he observed the Lincoln Navigator depart the area around 1303 W. 23rd Avenue. The vehicle was followed, and Mr. Williams was observed to exit the vehicle at the corner of W. 23rd Avenue & Cope Street. He observed that Ms. Robards was driving a Lincoln Navigator. He observed that Mr. Williams walked to the driver's side door of a blue and white pickup truck which had turned onto Cope Street, just as Mr. Williams was exiting the vehicle. The officer drove past and observed Ms. Robards drive the Lincoln Navigator around the block. After about one minute, the officer then observed that Ms. Robards had returned to the corner of W. 23rd Avenue & Cope Street, and picked up Mr. Williams. The officer observed the pickup truck drive out of Cope Street and turn west onto W. 23rd Avenue, traveling at what is described as "a high rate of speed". The officer believed, based on his training observations

and experience, that he had observed some type of illicit transaction.

The officer, according to the affidavit, then followed Mr. Williams and Ms. Robards in their vehicle, and observed that Mr. Williams was in the second row seat, moving around without a seatbelt on. He observed both Mr. Williams and Ms. Robards looking at his vehicle as they turned from W. 23rd Avenue onto North Star Street.

According to ¶14 of the affidavit submitted in support of search warrant, as their vehicle slowed to turn west onto Fireweed Lane, the officer activated his emergency red and blue lights including siren to stop the vehicle. The officer describes his dress as that in body armor with the word "police" displayed in front, along with his DEA badge being displayed on his belt. Both Mr. Williams and Ms. Robards were ordered out of the vehicle. With assistance from other DEA agents, both were arrested and taken into custody. Their three-year-old daughter who was in the backseat was removed from the vehicle and placed with her mother. The officer states that he was near the open door of the vehicle, when he smelled the burning odor of marijuana.

According to ¶15 of the affidavit, Special Agent Ken Solek, drove the Lincoln Navigator out of the traffic on North Star Street. This agent informed Agent Schmidt that he had smelled

burning marijuana in the vehicle, and observed a large sum of U.S. currency in several bundles inside an open purse in front of the vehicle. Based on these observations, the black Lincoln Navigator was transported back to DEA Office in Anchorage, for processing in order to initiate administrative forfeiture proceedings. Mr. Williams was also transported back to Anchorage DEA Office for processing. Ms. Robards was turned over to Anchorage Police Department Officers' custody for processing, related to her Alaska State misdemeanor warrant.

Pursuant to DEA policy for vehicles subject to administrative forfeiture proceedings, a search of the black Lincoln Navigator transpired. The search resulted in the seizure of approximately $3,000 in U.S. currency, a set of digital scales with suspected cocaine residue, a lit hand-rolled cigarette containing suspected marijuana, a package of cigarette rolling papers, and documents belonging to both Ms. Robards and Mr. Williams.

According to ¶17 of the affidavit, a handler and canine trained in the detection of odors of controlled substances were called to the DEA Anchorage Office, in order to examine the vehicle and currency found within. According to the affidavit, the canine handler told the officer that the dog had indicated positive for the odor of controlled substance on both the vehicle and currency. Additionally, Special Agent Rambo

conducted a field test for the presence of cocaine in the residue found on the digital scales. According to the affidavit, the field test indicated positive for the presence of cocaine residue.

According to ¶18 of the affidavit, on December 15, 2005, at approximately six o'clock p.m., DEA agents secured the residence located at 1303 W. 23rd Avenue, Apt. #28, Anchorage, Alaska, in anticipation of seeking a federal search warrant to search that location. While securing the apartment, the agents encountered Paula Robards. Special Agent Solek informed Agent Schmidt that he had smelled the odor of burning marijuana inside the apartment. Agent Solek observed a pipe with suspected marijuana residue on a bookshelf in the main room of the apartment. Mr. Solek also stated he observed a clear plastic baggy with its lower corner torn off in plain view in the bathroom of the apartment. See exhibit "A", Affidavit in Support of Search Warrant previously filed with Defendant's First motion to Suppress and is incorporated herein by reference as though fully set forth.

Based upon the foregoing information, Agent Schmidt believes there is probable cause to believe that the residence located at 1303 W. 23rd Avenue, Apt. #28, Anchorage, Alaska, is being used to conceal and store items as referenced in attachment "A"; all of which are fruits, evidence, and

instrumentalities of crimes against the United States of America, that is, the unlawful distribution of cocaine, possession with intent to distribute cocaine, maintaining a residence or place for the purpose of distributing cocaine, as well as the conspiracy to commit those offenses, in violation of Title 21 of the United States Code; money laundering in violation of Title 18, United States Code Sections 1956, 1957; and aiding and abetting the afore stated crimes against the United States, in violation of Title 18, United States Code, Section 2.

As a result of the affidavit for search warrant being submitted to the magistrate, Magistrate John D. Roberts on December 15, 2005, issued Search Warrant A05-244 MJ for the location at 1303 W. 23rd Avenue, Apt. #28, Anchorage, Alaska, in the District of Alaska. For items set forth in attachment "A". See exhibit "B". Previously filed with Defendant's First motion to Suppress and is incorporated herein by reference as though fully set forth.

On December 15, 2005, the above search warrant was executed, at which time eleven items were removed from the residence. See exhibit "C". Previously filed with Defendant's First motion to Suppress and is incorporated herein by reference as though fully set forth.

Defendants Roderick Williams and Paula Robards are lessees of the above address.

## II.  Argument.

Defendant's main contention is that in composing the affidavit for the search warrant, DEA Special Agent Schmidt intentionally made material misstatements calculated to deceive the magistrate into believing that there was probable cause to issue the warrant. Specifically, defendant refers to ¶¶ 12 and 13 of Agent Schmidt's Affidavit in Support of Search Warrant.

Paragraph 12 of the search warrant states as follows:

At approximately 1:50 p.m. on December 15, 2005, I observed the Lincoln Navigator depart the area around 1303 W. 23rd. I followed this vehicle and observed Roderick Williams exit the vehicle at the corner of W. 23rd Avenue & Cope Street. I observed that Robards was driving the Lincoln Navigator. I observed that Williams walked to the driver's side door of a blue and white pickup truck which had turned onto Cope Street, just as Williams was exiting his vehicle. I drove past and observed Robards drive the Lincoln Navigator around the block. After approximately one minute, I observed that Robards had returned to the corner of W. 23rd Avenue and Cope Street, and

> picked up Williams. I observed the pickup truck
> drive out of Cope Street, and turn west on W. 23rd
> Avenue, traveling at a high rate of speed. Based
> on my observations, training, and experience, it
> appeared to me that Williams had conducted some
> type of illegal transaction.

Paragraph 13 of the affidavit of Special Agent Schmidt, in support of search warrant, states as follows:

> I followed Williams and Robards in their vehicle
> and observed that Williams was in the second row
> seat, moving around without a seatbelt on. I
> observed that both Williams and Robards were
> looking at my vehicle as they turned from W. 23rd
> Avenue onto North Star Street.

As can be seen by exhibit "D", affidavit of defendant Roderick O. Williams, nothing described in ¶¶ 12 or 13 occurred. At no time did defendant Roderick O. Williams exit the vehicle at or near the corner of W. 23rd Avenue & Cope Street. Furthermore, defendant denies that Mr. Robards was driving the Navigator. Mr. Williams further denies that he walked to the driver's side door of a blue and white pickup, or any pickup, on Cope Street. Specifically, defendant denies that this event ever occurred. The same applies as to ¶ 13.

In _Franks_, Id. the Court ruled that criminal defendants could challenge the validity of search warrants based on affidavits containing statements that are deliberately false or made with reckless disregard for the truth.

The test for determining whether a defendant is entitled to a hearing to examine the content of the warrant affidavit is two-pronged. First, he or she must make a "substantial preliminary showing" including allegations of "deliberate falsehood or of reckless disregard for the truth", supported by an offer of proof. Secondly, the Court must determine if the challenged material is necessary to a finding of probable cause. If these two requirements are met, the defendant is entitled to a hearing. 98 S.Ct. at 2684-85. If, at the hearing the defendant establishes perjury or reckless disregard, and excision of the challenged matter leaves the affidavit with insufficient content to establish probable cause, the warrant must be voided. _Franks_ establishes that even deliberate falsehoods must be material before they can invalidate a warrant. Defendant Roderick O. Williams contends that Special Agent Schmidt's affidavit contains deliberate (perjurous) falsehoods. Defendant Roderick O. Williams denies ¶¶ 12 and 13 of the affidavit of Special Agent Schmidt in support of search warrant in their entirety.

In _Franks_, the court did not spell out what was meant by "deliberate falsehood" and "reckless disregard for the truth".

It did explain, however, what is meant by a truthful factual showing of probable cause.

> This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true. 98 S.Ct. at 2681.

Defendant Roderick O. Williams believes that he has made and satisfied the first prong set forth under <u>Franks</u>. The defendant has made a "substantial preliminary showing" of the "deliberate falsehoods" of ¶¶ 12 and 13 of Special Agent Schmidt's affidavit in support of the search warrant. He has done this by way of his own signed and notarized affidavit made as an offer of proof.

Defendant Roderick O. Williams further believes that he has satisfied the second prong of the <u>Franks</u> test, and that this court must come away with the determination that the challenged material was necessary to a finding of probable cause. As a

result thereof, defendant Roderick O. Williams demands a hearing as to the <u>Franks</u> issues raised.

At the hearing, not only will the defendant plan on testifying that ¶¶ 12 and 13 are false in their entirety, but will prove that the statements made by DEA Special Agent Schmidt were perjurous and were made with the intent to mislead the issuing magistrate regarding the search warrant subsequently issued based on DEA Agent Schmidt's affidavit in support thereof.

It is the defendant's position that once this court excises ¶¶ 12 and 13, and coupled with defendant's previously-filed Motion to Suppress, the remaining material would not support a finding of probable cause, and that the evidentiary items must be suppressed.

### III.  Conclusion.

It is respectfully requested that this court grant defendant's second motion to suppress.

DATED at Anchorage, Alaska, this 20th day of April 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
April 20th, 2006, a copy
of the foregoing was served
electronically:

Frank Russo
Asst. U.S. Attorney
frank.russo@usdoj.gov

James A. Goeke
Asst. U.S. Attorney
james.goeke@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by mail:

▲ Marie Inez Hasan-Lomax
   c/o Anchorage Jail
   1400 E. 4th Ave
   Anchorage, Alaska 99501

s/Lance C. Wells