Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYRON WILLIAMS, | ) |
| LATONYA STUCKEY, | ) |
| CALVIN WASHINGTON, | ) |
| **RODERICK O. WILLIAMS**, | ) |
| MARIE INEZ HASAN-LOMAX, | ) |
| TANYA E. CHAISON, and | ) |
| PAULA M. ROBARDS, | ) |
| | ) |
| Defendants. | ) |
| _____ ) | Case No. 3:05-cr-76-4-RRB |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO EXCLUDE RECORDED STATEMENTS**

### I. Facts.

The prosecution has provided over one hundred CDs' worth of telephone conversations that are liable to be played at trial. The prosecution has not yet provided an index of the materials. Nor has the prosecution stated how they will establish the identity of the inmate making the calls. As in many of these cases, and has been alluded to in this case, the Assistant United States Attorney intimated that the conversations, or at

least some of them, were in "code". As of this date, there has been no notice of who shall be explaining, as an expert, the "coded talk". It is believed these conversations will have something to do with some type of illicit drug activity.

The issues surrounding the tapes and their admission are complex. First, the United States Government must provide the following information: (1) the basis of the recordings; (2) whether the recordings are true and accurate, and complete; (3) whether the persons stated to be on the recordings are in fact the persons who made the calls in question. Counsel for Mr. Williams can envision a point where defendants are going to be arguing that other defendants in fact made the calls, and there could be a substantial amount of "finger pointing".

Since the recordings were not obtained via federal warrant, the usual indicia of reliability under 18 U.S.C. 2518 are not available. Therefore, Mr. Williams has the right to have the recordings questioned.

## II.  Legal Analysis.

It is most likely that the warrantless recordings of the phone calls of the inmates was permissible. The prisoners were on notice that the phone calls were recorded. <u>United States v. Sababu</u>, 891 F.2d 1308 (7th Cir. 1989). However, that does not end the question of whether the evidence can be used at trial. Counsel cannot see the government using the argument that the

recording of prison phone calls falls under the 'business records' exception to the hearsay rule. Federal Rule of Evidence 803(6). If the prosecution is going to make the argument that the recordings are business records, I will need the manual to see the recordings were properly done. Secondly, I will need to see the recording area for the CDs and how the Department of Corrections will argue the identity of various callers. I will also need to see where the callers made the telephone calls from; surveillance equipment used to monitor the callers; any and all call records generated so as to determine whether or not the recordings are accurate and complete; as well as any and all information used to identify the callers from within the institution.

The most likely theory for introduction is that the recordings are co-conspirator statements under Bourjaily v. United States, 483 U.S. 171 (1987). Counsel for defendant does not agree that the statements being recorded are those made in furtherance of the conspiracy and, in fact, are unreliable.

Mr. Williams has a constitutional right to an adequate investigation. Pre-trial investigation is a critical stage of a lawyer's preparation. See Vaughn Moltke v. Gillies, 332 U.S. 708, 721-23 (1948). This includes my ability to visit the "crime scene" for investigation. This means that I must go to the jail,

and vet the evidence that the government is going to play a trial.

If I am going to make arguments, I have to be able to support my points with photographs, which is far easier than to have a federal jury see the facility and tape duplication equipment from where the calls were made, and where the calls were taped. If officers are going to testify that they saw particular people using the phones, and I disagree, then I need to document the facts via photographs and/or other means.

It is unknown how the prosecution is going to introduce the recordings (if they are admissible at all). Therefore, I need to be able to cross-examine the presenter, and question him or her as to the following questions. First, were the recordings done in accordance with the standard procedures of the Department of Corrections, and the recording equipment itself? Thus, the need for the manual regarding the recording of statements is relevant and necessary for foundation and authentication. Secondly, how are you able to establish that the person attributed to making the statement is in fact said person? Thus, I need to see the phone setup at the correctional facilities in where the observers were, because issues of identity on the tapes will be an issue of fact to be determined by the trial jury.

Finally, without the tour being able to photograph areas and review the manual, I would be forced to ask for a jury view

of the scenes in order for the trier of fact to determine whether or not the guards could in fact make a positive identification as to persons on the phone. Counsel needs to be ready for arguments, which will occur, that others made the calls using others' names. To date, despite request, the State of Alaska Department of Corrections has denied access to counsel for the defendant any of the above.

### III.  Conclusion.

The court, in order to have a proper and orderly process, must order the State of Alaska, Department of Corrections, to allow counsel for Mr. Roderick O. Williams to visit and photograph the telephone setup from which calls are made by the inmates from each mod they have been housed in during the time that the recordings were made; the recording machinery; the areas where any prison personnel observed callers making calls from during the hours and months made; to produce the operating manual as to the recording of phone calls, including any and all other documentation surrounding recording of prisoner phone calls; and order the State of Alaska to allow counsel for defendant to tour the recording area, and take photographs as necessary.

In the event the SOA, DOC continues to deny access to materials as well as access to the areas referenced above, the

government should not be allowed to utilize any of the recorded conversations for the reasons set forth above.

DATED at Anchorage, Alaska, this 21st day of April 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21st, 2006, a copy of the foregoing was served electronically:

Frank Russo
Asst. U.S. Attorney
frank.russo@usdoj.gov

James A. Goeke
Asst. U.S. Attorney
james.goeke@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by mail:

- Marie Inez Hasan-Lomax
  c/o Anchorage Jail
  1400 E. 4th Ave
  Anchorage, Alaska 99501

s/Lance C. Wells

Case 3:05-cr-00076-RRB    Document 259    Filed 04/21/2006    Page 7 of 7

*MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE RECORDED STATEMENTS*
*United States of America v. Roderick O. Williams*                    *Page 7 of 7*
*Case No. 3:05-cr-76-4-RRB*