DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 649320

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RODERICK O. WILLIAMS,<br><br>Defendant. | Case No. 3:05-0076-04-RRB-JDR<br><br>OPPOSITION TO MOTION TO EXCLUDE RECORDED STATEMENTS |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes defendant's motion to exclude recorded statements,

filed at docket 258, with an accompanying memorandum of law submitted at docket 259.  Therein, the defendant requests that the Court exclude evidence of jail recordings made of the defendant.  In addition, the defendant requests the Court allow him access to the jail facilities to inspect and photograph the phone area.  The United States submits that the defendant's request to exclude the statements is unsupported and unwarranted, as such arguments go to the weight and not admissibility of the evidence, which is more properly raised as the subject of a motion in limine before trial.  The United States defers to the State of Alaska Department of Corrections and the United States Marshals Service with respect to whether or not the defendant's discovery request constitutes a security risk.  In any event, such request is unnecessary given the foundational requirements that need to be satisfied to introduce such evidence.

## ARGUMENT

The defendant does not appear to challenge the admissibility of jailhouse recorded statements.  Rather, he raises a foundational question as to whether the United States can establish the identity of the speakers.  First, Fed. R. Evid. 901(b)(5) allows "[i]dentification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker."

To the extent the United States intends to introduce the jail recordings, it will introduce them in such a manner, and the recordings will be authenticated by someone with personal knowledge of how the recording system works at the jail. Such testimony will show that such recordings are accurate, authentic, and generally trustworthy. See United States v. Mouton, 617 F.2d 1379, 1383-1384 (9th Cir. 1980).

To the extent the United States introduces the defendant's recorded statements, such constitute admissions of a party opponent. Fed. R. Evid. 801(d)(2). The statements of the person to whom the defendant is speaking are admissible to provide context for what the defendant said. See United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990) (finding informant's statements to defendant were not hearsay because they were not offered for the truth of the matter asserted, but to provide context for the jury); United States v. McDowell, 918 F.2f 1004, 1007-08 (1st Cir. 1990) (same); United States v. Davis, 890 F.2d 1373, 1379-80 (7th Cir. 1989) (same). Moreover, affirmative responses from defendant constitute adoptive admissions of the speaker's statements. See United States v. Lemonakis, 485 F.2d 941, 949 (D.C. Cir. 1973) (applying the adoptive admission doctrine to a tape case); Davis, supra.

Finally, some of the defendant's statements are admissible for their truth

because they are co-conspirator statements.  See United States v. Saulter, 60 F.3d 270, 276 n. 2 (7th Cir. 1995); United States v. Byrom, 910 F.2d 725, 732-37 (11th Cir. 1990 (discussing the application of the co-conspirator exception to the hearsay rule to conversations between a co-conspirator and an informant).The statements can be admitted when (1) the declaration was in furtherance of the conspiracy; (2) it was made during the pendency of the conspiracy; and (3) there is independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it.  United States v. Eubanks, 591 F.2d 513, 519 (9th Cir. 1979); United States v. Sears, 663 F.2d 896, 905 (9th Cir. 1981); United States v. Mason, 658 F.2d 1263, 1269 (9th Cir. 1981).  Furthermore, the declaration of one conspirator may be used against another co-conspirator who was not present when the declaration was made.  Dutton v. Evans, 400 U.S. 74, 81 (1970); Lutwak v. United States, 344 U.S. 604, 617 (1953); United States v. Salazar, 405 F.2d 74 (9th Cir. 1968).  Additionally, statements by a defendant, where the defendant, either expressly or impliedly, connects himself with a conspiracy, provide independent evidence of defendant's connection with the conspiracy to admit statements of co-conspirators under Rule 801(d)(2)(e).  United States v. Castaneda, 16 F.3d 1504 (9th Cir. 1994).

    The United States Supreme Court, in Bourjaily v. United States, 483 U.S.

171 (1987), was faced squarely with the issue of co-conspirator statements being offered against a defendant who was not present when the statement was made. In approving both the district court's and the Sixth Circuit's admission of such evidence, the Supreme Court held that a co-conspirator's statement is "probative of the existence of a conspiracy and the participation of both the defendant and the declarant in the conspiracy." Id. at 180. The evidentiary standard of proof required to show a conspiracy is a "preponderance of the evidence." The same standard is used to determine whether the statement was made during the course and in furtherance of that conspiracy. Id. at 175. The district court may consider "any evidence it wishes, unhindered by considerations of admissibility" in determining the admissibility of co-conspirator statements. This would include the statements themselves. Id. See also United States v. Schmit, 881 F.2d 608 (9th Cir. 1989).

    The courts do not require that all evidence of the conspiracy, or all evidence of the defendant's participation, be first introduced into evidence before the extrajudicial statement can be presented to the jury. "This may be introduced later on during the trial, but must be introduced before the trier of fact . . . acts on the evidence." United States v. Smith, 519 F.2d 516 (9th Cir. 1975). A trial judge may allow statements of a non-testifying co-conspirator to be presented before making a

finding that a conspiracy did exist and that the statements were made in connection with it.  United States v. Fragoso, 978 F.2d 896 (5th Cir. 1992).

This means the Court may allow the government to introduce co-conspirator statements prior to the laying of the entire foundation for the conspiracy, since the conversations themselves are foundational for this purpose, and additional proof, presented in an orderly fashion throughout the trial, will provide the additional foundation required by the Ninth Circuit.  As the Supreme Court said in Bourjaily, supra, "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in culmination prove it.  The sum of an evidentiary presentation may well be greater than its consistent parts."  483 U.S. at 179-80.

Statements "in furtherance of the conspiracy" are defined in many Ninth Circuit cases.  These cases broadly encompass statements that "further the common objectives of the conspiracy," or are expressions of future intent. Eubanks, supra, at 520.  Statements made to "induce enlistment or further participation in the group's activities" or "to reassure members of a conspiracy's continued existence" or "to allay a co-conspirator's fears" are also in furtherance of a conspiracy.  United States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir. 1988).  "Most importantly, statements made to keep co-conspirators abreast of ongoing conspiracy's activities satisfy the 'in furtherance of' requirement."  Id. at 1536, citing United States v.

Eaglin, 571 F.2d 1069, 1083 (9th Cir. 1977).

In any event, the defendant will have an opportunity to cross-examine both the person who authenticates the jail recordings and the person who identifies the defendant's voice on the recordings. He will also have an opportunity to object that certain statements are admissible as co-conspirator statements. The United States submits that, for these reasons, the defendant's arguments are more properly raised in a motion in limine before trial.

With respect to the defendant's request to inspect and photograph the area where inmates make telephone calls, the undersigned has spoken to the a supervisor with the United States Marshals Service, who has represented such a request presents a security risk. In light of the fact that the United States has the burden of establishing both the authenticity and foundation for the admission of the recordings, the defendant would not be prejudiced by the denial of this request. In the alternative, if the defendant can articulate some compelling need to develop such evidence, he can make such request to the trial judge.

## CONCLUSION

For all the above reasons, the United States respectfully submits that the defendant's motion to exclude jail statements, as well as for discovery of the jail telephone call recording process, should be denied as premature.

RESPECTFULLY SUBMITTED this  27th  day of April, 2006 in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on April 10, 2006, via:

    (X) Electronic case filing notice

Lance C. Wells, Esq.

Executed at Anchorage, Alaska, on April 27, 2006

s/ Frank V. Russo_____
Office of the U.S. Attorney