Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|               Plaintiff, | ) |
| | ) |
|   v. | ) |
| | ) |
| BYRON WILLIAMS, | ) |
| LATONYA STUCKEY, | ) |
| CALVIN WASHINGTON, | ) |
| **RODERICK O. WILLIAMS**, | ) |
| MARIE INEZ HASAN-LOMAX, | ) |
| TANYA E. CHAISON, and | ) |
| PAULA M. ROBARDS, | ) |
| | ) |
|              Defendants. | ) |
| _____ ) | Case No. 3:05-cr-76-4-RRB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS INDICTMENT AS MULTIPLICITOUS**

### I.  Facts.

On or about May 16, 2006, the federal grand jury handed down an additional superseding indictment setting forth various additional counts as well as naming an additional criminal co-defendant. As to defendant Roderick O. Williams, two additional counts were added: Count VI, attempted possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1)&(b)(1)(C); and Count VII, witness

tampering in violation of 18 U.S.C. § 1512(b)(1)&(j). The remaining counts remain the same against the defendant, with the exception of Count I (drug conspiracy), having additional language placed into the indictment.

As to the overt acts surrounding Count I, No. 6 at page 6 of the indictment, states as follows:

> On or about August 13, 2005, during the early morning hours, Byron Williams, Roderick Williams, and another co-conspirator, Calvin Washington, arrived at the Anchorage, Alaska airport to meet the transporting co-conspirator, Latonya Stuckey, to receive and continue transporting the cocaine that Latonya Stuckey had carried on her person on Alaska Airlines flight 197. All in violation of Title 21 U.S.C. §§ 846 and 841(a)(1)&(b)(1)(A), (b)(1)(B), and (b)(1)(C).

As to Count VI, it is alleged that:

> On or about August 13, 2005, the defendant, Byron Williams a/k/a, "Philipe", and Roderick Ondra Williams a/k/a, "M.C. Rod", did knowingly and intentionally attempt to possess, with intent to distribute, a controlled substance, to wit: a mixture containing a detectable amount of cocaine, its salts, optical and geometric

isomers, and salts of isomers, all of which is in violation of Title 21 U.S. Code, § 841(a)(1) & (b)(1)(C).

Defendant Roderick O. Williams argues that Count VI is multiplicitous of Count I, in that charging him under both counts results in Mr. Williams being charged twice for the same offenses.

## II.  Argument.

The test to determine whether an indictment is multiplicitous is "whether each separately violated statutory provision requires proof of an additional fact which the other does not." McKittrick, 142 F.3d at 1176 [quoting Blockburger v. United States, 284 U.S. 299, 304, 76 L.Ed 306, 52 S.Ct. 180 (1932)] (internal quotations omitted). In the present case, defendant Roderick O. Williams was indicted for drug conspiracy in Count I, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A),(b)(1)(B)&(b)(1)(C); & Count VI, attempted possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1)&(b)(1)(C).[1]

The required elements necessary to establish conspiracy are as follows: First, beginning on or about a certain date and ending on or about a certain date (see indictment for

---

[1] Defendant has further been indicted on two additional counts of Count III, maintaining a drug involved premises; and Count VII, witness tampering.

specifics), there was an agreement between two or more persons to commit at least one crime as charged in the indictment; (and) second, the defendant became a member of the conspiracy knowing of at least one of its objects in intending to help accomplish it (and); third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you would find was committed. See Ninth Circuit Model Criminal Jury Instructions 8.16 Conspiracy-Elements.

The required elements necessary, in order to establish attempted possession with intent to distribute, are as follows: First, the defendant intended to possess a controlled substance (cocaine) with intent to deliver it to another person; and second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step. Mere preparation is not a substantial step toward the commission of the crime of possession of a controlled substance with intent to distribute. To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Overt act no. 6 set forth in the indictment on page 6 describes the same conduct as set forth in Count VI of the

indictment. Both are on the same date and time, involve the same drug, same persons, and same place. Count VI is merely the government breaking out the individual incident of August 13, 2005, which has already been set forth in Count I of the indictment alleging conspiracy. Count VI is actually consumed by Count I.

Here, we are not dealing charging multiple counts for different controlled substances. We are dealing with one controlled substance: cocaine.

### III. Conclusion.

It is respectfully requested that Count VI of the indictment, dated May 16, 2006, be dismissed as it is multiplicitous.

DATED at Anchorage, Alaska, this 30th day of May 2006.

                              LAW OFFICES OF LANCE C. WELLS, P.C.

                              s/Lance C. Wells
                              Attorney for Roderick O. Williams
                              733 W. 4th Ave, Suite 308
                              Anchorage, Alaska 99501
                              Phone: 907/274-9696
                              Fax: 907/277-9859
                              E-mail: lwells@gci.net
                              AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
May 31st, 2006, a copy
of the foregoing was served
electronically:

Frank Russo
Asst. U.S. Attorney
frank.russo@usdoj.gov

James A. Goeke
Asst. U.S. Attorney
james.goeke@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by mail:

▲ Marie Inez Hasan-Lomax
   c/o Anchorage Jail
   1400 E. 4th Ave
   Anchorage, Alaska 99501

s/Lance C. Wells