DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE  D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-00076-04(RRB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPPOSITION TO MOTION TO** |
| vs. | ) | **DISMISS COUNT 6 AS** |
| | ) | **MULTIPLICITOUS PLEADING** |
| RODERICK ONDRA WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through

Lawrence D. Card,  Assistant U.S. Attorney,  and hereby enters its opposition to

defendant Roderick Williams Motion to Dismiss Count 6 of the 4th Superseding

Indictment as multiplicitous.  Defendant has argued that charging Count 6 merely

restates the charge in Count 1 which alleges a conspiracy, and that such charging,

"merely the government breaking out the individual incident of August 13, 2005, which has already been set forth in Count I of the indictment....".  See page 5 of defendant's Motion to Dismiss.

The law on this issue is well established.  An indictment charging conspiracy in one count and individual substantive crimes committed in furtherance of the conspiracy in separate counts is not multiplicitous.  *United States v. Ambers,* 85 F.3d 173, 177 (4th Cir. 1996).  See also, *United States v. Wood,* 57 F.3d 913 (10th Cir. 1995).  In *Ambers,* the court discussed the relationship between a conspiracy, and a separately charged substantive offense and overt act in the same indictment.  "A conspiracy is a distinct crime from the overt acts that support it.  See *United States v. Felix,* 503 U.S. 378, 389-92, 112 S. Ct. 1377, 1384-86, 118 L. Ed.2d 25 (1992); *United States v. Bayer,* 331 U.S. 532, 542, 67 S.Ct. 1394, 1399, 91 L. Ed. 1654 (1947) ("the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses") ".  See *Ambers* at 85 F.3d 178.

It has been previously held in the Ninth Circuit of Appeals that conspiracy and the underlying substantive offenses are not multiplicitous when charged separately since, "Congress intended to allow imposition of separate sentences for a conspiracy conviction under 21 U.S.C. § 846 and for the substantive drug

offenses that form the object of the conspiracy." *United States v. Johnson,* 977

F.2d 1360, 1371 (10th Cir. 1992), *cert. denied,* 506 U.S. 1070, 113 S. Ct. 1024, 122

L. Ed. 2d 170 (1993).

Applying the foregoing to the defendant's argument regarding the conspiracy

charge and the substantive charge of conspiracy in Count 1 of the 4th Superseding

Indictment, the law clearly allows for charging Count 6 as a separate offense from

the conspiracy.  The law clearly allows for such charging, and defendant's

arguments are better suited for cases where conspiracy, particularly a drug

conspiracy has not been charged under the provisions of 21 United States Code

§ 846.  The defendant's Motion should be denied, and Count 6 should remain as

part of the 4th Superseding Indictment.

RESPECTFULLY SUBMITTED on this 7th day of June, 2006, in

Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Larry D. Card
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

CERTIFICATE OF SERVICE

I declare under penalty of perjury
that a true and correct copy of the foregoing
was sent to Lance C. Wells on June 7, 2006,
via Electronic Case Filing Notice.


s/ Larry D. Card
_____

U S v Williams
3:05-cr-00076-04(RRB)                    -4-