Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff,    )<br>)<br>v.                  )<br>)<br>BYRON WILLIAMS,           )<br>LATONYA STUCKEY,          )<br>CALVIN WASHINGTON,        )<br>**RODERICK O. WILLIAMS**,  )<br>MARIE INEZ HASAN-LOMAX,   )<br>TANYA E. CHAISON, and     )<br>PAULA M. ROBARDS,         )<br>)<br>Defendants.  )<br>_____) | Case No. 3:05-cr-76-4-RRB |

**RODERICK WILLIAMS' PROPOSED JURY INSTRUCTIONS**

COMES NOW DEFENDANT RODERICK O. WILLIAMS by and through his attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, P.C., and hereby submits his proposed jury instructions for use at trial in this matter. Mr. Williams' proposed instructions were taken from the 2003 Manual of Model Criminal Jury Instructions of the Ninth Circuit, available on their website. They are set out in abbreviated form below.

## **Preliminary Instructions**

1.1   Duty of jury.

1.2   The charge – presumption of innocence.

1.3   What is evidence?

1.4   What is not evidence?

1.5   Evidence admitted for limited purpose.

1.6   Direct and circumstantial evidence.

1.7   Ruling on objections.

1.8   Credibility of witnesses.

1.9   Conduct of the jury.

1.10  No transcripts available to jury.

1.11  Taking notes.

1.12  Outline of trial.

1.13  Jury to be guided by official English translation/ interpretation.

1.14  Separate consideration for each defendant.

## **Instructions During Trial**

2.1   Cautionary instruction - first recess.

2.2   Bench conferences and recesses.

2.3   Stipulated testimony.

2.4   Stipulations of fact.

2.5   Judicial notice.

2.10  Other crimes, wrongs, or acts of defendant.

2.11  Defendant's photographs, "mugshots".

## Instructions at End of Case

3.1   Duties of jury to find facts and follow law.

3.2   Charge against defendant not evidence – presumption of innocence – burden of proof.

3.3   Defendant's decision not to testify.

3.4   Defendant's decision to testify.

3.5   Reasonable doubt to find.

3.6   What is evidence?

3.7   What is not evidence?

3.8   Direct and circumstantial evidence.

3.9   Credibility of witnesses.

3.10  Evidence of other acts of the defendant, or acts and statements of others.

3.11  Activities not charged.

3.14  Separate consideration of multiple counts – multiple defendants.

3.18  Possession – defined.

## Consideration of Particular Evidence

4.1   Statements by defendant.

4.3   Other crimes, wrongs, or acts of defendant.

4.4   Character of defendant.

4.7   Character of witness for truthfulness.

4.8   Impeachment evidence – witness.

4.9   Testimony of witness involving special circumstances – immunity, benefits, accomplice, plea.

4.13  Government's use of undercover agents and informants.

### Responsibility

5.3   Attempt.

5.6   Knowingly – denied.

### Specific Defenses

6.5   Specific Defense Instruction if applicable

6.9   Mere presence.

### Jury Deliberations

7.1   Duty to deliberate.

7.2   Consideration of evidence.

7.3   Use of notes.

7.4   Jury consideration of punishment.

7.6   Communication with court.

7.9   Specific use unanimity.

### Offenses

8.16  Conspiracy – element.

8.18  Conspiracy – knowing of and association with other conspirators.

8.19  Withdrawal from conspiracy.

8.20  Conspiracy – liability for substantive offense committed by co-conspirator (_Pinkerton_ charge).

**Offenses Under Other Titles**

9.14  Controlled substance – attempted possession with intent to distribute.

9.30  See comment re: Apprendi (citations omitted).

In addition, Mr. Williams proposes the following additional instructions attached hereto, and reserves the right to submit additional proposed instructions as warranted at the close of all evidence and upon review of the government's instructions that are proposed.

DATED at Anchorage, Alaska, this 16th day of June 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
June 16th, 2006, a copy
of the foregoing was served
electronically:

Crandon Randell
Asst. U.S. Attorney
crandon.randell@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.

barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by fax:

Tim Astle
U.S. Probation/Pretrial Services Office
271-3060

and by mail:

▲ Marie Inez Hasan-Lomax
   c/o Anchorage Jail
   1400 E. 4th Ave
   Anchorage, Alaska 99501

s/Lance C. Wells

JURY INSTRUCTION NO. \_\_\_\_\_

You have heard testimony from _____ and _____, witnesses who:

1. Received favored treatment from the government in connection with this case;
2. Admitted being an accomplice to some of the crimes charged;
3. Pleaded guilty to a crime or crimes arising out of the same events for which the defendant is on trial.

You should note that the guilt of these individuals is not evidence against the defendant, and you may consider it only in determining these witnesses' believability. In evaluating the testimony of _____ and _____, you should consider the extent to which or whether the witnesses' testimony may have been influenced by any or all of these factors.

In addition, you should examine these witnesses' testimony with greater caution than that of other witnesses.

9th Cir. Pattern Jury Instruction 4.9 Modified to fit this case

JURY INSTRUCTION NO. \_\_\_\_\_

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crime(s) alleged. You have heard testimony of eye witness identification. In deciding how much weight to give this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eye witness identification testimony, you may also take into account:

1) The capacity and opportunity of the eye witness to observe the offender, based upon the length of time for observation and the conditions at the time of observation;

2) Whether the identification was the product of the eye witnesses' own recollection, or was the result of subsequent influence or suggestiveness;

3) Any inconsistent identifications made by the eye witness;

4) Whether the witness had known or observed the offender at earlier times; and

5) The totality of circumstances surrounding the eye witnesses' identification.

9th Cir. Pattern Instruction 4.14

JURY INSTRUCTION NO. _____

Mere presence in the company of a person committing a crime, or near the scene of a crime, or mere knowledge that a crime is being committed, is not sufficient to establish that the defendant committed a crime, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Modification Of 9th Cir. Model Jury Instruction 6.9