DEBORAH M. SMITH
Acting United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
Phone (907) 271-5071
Fax: 907-271-1500
e-mail: crandon.randell@usdoj.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  No. 3:05-cr-0076-RRB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **GOVERNMENT'S** |
| | )  **PROPOSED JURY** |
| | )  **INSTRUCTIONS** |
| BYRON WILLIAMS, a/k/a, "Felipe", | ) |
| RODERICK ONDRA WILLIAMS, a/k/a | ) |
| "MC Rod", and PAULA MARIE | ) |
| ROBERDS, | ) |
| | ) |
| Defendants. | ) |

COMES NOW the United States of America, by and through its

counsel and requests that the Court instruct the jury in accordance with the following

list of jury instructions from the Manual of Model Criminal Jury Instructions for the

Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate

instructions attached hereto, as well as those, if any, to be submitted under separate

cover:

| | |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge - Presumption of Innocence |
| 1.3 | What is Not Evidence |
| 1.4 | What is Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |
| 2.1 | Cautionary Instruction - First Recess |
| 2.2 | Bench Conference and Recesses |
| 2.4 | Stipulations of Fact |
| 2.5 | Judicial Notice |
| 2.10 | Other Crimes, Wrongs, or Acts Evidence |

3.1       Duties of Jury to Find Facts and Follow Law

3.2       Charge(es) Against Defendant Not Evidence-Presumption of

          Innocence-Burden of Proof

3.3       Defendant's Decision Not to Testify

3.4       Defendant's Decision to Testify

3.5       Reasonable Doubt-Defined

3.6       What Is Evidence

3.7       What is Not Evidence

3.8       Direct and Circumstantial Evidence

3.9       Credibility of Witnesses

3.12      Separate Consideration of Single Counts-Single Defendants

3.18      Possession -Defined

11.01     Beginning Charge - Province of the Court [Devitt and Blackmar]

          (3rd Ed.)

3.5       Reasonable Doubt - Defined

3.6       What is Evidence

3.7       What is Not Evidence

3.8       Direct and Circumstantial Evidence

3.9       Credibility of Witnesses

3.10        Evidence of Other Acts of Defendants or Acts and

           Statements of Others

3.11        Activities Not Charged

3.12        Separate Consideration of Multiple Counts

3.18        Possession - Defined

4.1         Statements by Defendant

4.3         Other Crimes, Wrongs, or Acts of Defendant

4.4         Character of Defendant

4.6         Impeachment, Prior Conviction of Defendant

4.8         Impeachment Evidence - Witness

4.9         Testimony Under Grant of Immunity

4.10        Testimony of Witness Receiving Benefit

4.11        Testimony of Accomplice

4.17        Opinion Evidence, Expert Witness

5.6         Knowingly - Defined

5.7         Deliberate Ignorance

7.1         Duty to Deliberate

7.2         Consideration of Evidence

7.3         Use of Notes

7.4          Jury Consideration of Punishment

7.5          Verdict Form

8.16          Count 1 - Elements (See  Attached)

              Counts 2&3 - Elements (See  Attached)

9.13          Count 4- Elements (See Attached)

9.14           Counts 5 &6-Attempted Possession (See Attached)

              Count 7-Tampering With A Witness (See Attached)

RESPECTFULLY SUBMITTED this 19th day of June, 2006, at Anchorage,

Alaska.


                    DEBORAH M. SMITH
                    Acting United States Attorney

                    s/ Crandon Randell
                    Assistant U.S. Attorney
                    222 West 7th Ave., #9, Rm. 253
                    Anchorage, AK 99513-7567
                    Phone: (907) 271-5071
                    Fax: (907) 271-1500
                    e-mail: crandon.randell@usdoj.com

**CERTIFICATE OF SERVICE**
I hereby certify that on June 19, 2006
a copy of the foregoing  was served
electronically on:
Scott Dattan          Williams, Byron  (Def. 1)
Lance C. Wells        Williams, Roderick  (Def. 4)
T. Burke Wonnell      Roberds, Paula M.   (Def. 7)


s/Crandon Randell


U.S. v. WILLIAMS,et.al.
3:05-cr-00076 (RRB)                5

INSTRUCTION NO. 1

You will note that the Indictment charges that each offense was committed "on or about" a certain dates.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

INSTRUCTION NO. 2

The defendants Byron Williams and Roderick Williams are charged in Count 1 of the Indictment with conspiring to distribute and possess with intent to distribute a controlled substance in violation of 21 United States Code §§ 846, and 841(a)(1),(b)(1)(A), (b)(1)(B, and (b)(1)(C). In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about January 12, 2004, and ending on or about December 15, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

**Second**, the defendants, Byron Williams and Roderick Williams, became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall briefly discuss the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all of the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Authority:   Title 21, United States Code, Sections 846, and 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C);  Pattern Instruction 8.16, Ninth Circuit Manual of Model Criminal Jury Instructions (2003 Ed.)

INSTRUCTION NO. 3

The defendant, Byron Williams, is charged in Count 2 of the Indictment with Maintaining a Drug Involved Premises in violation of Title 21 Section 856(a)(2) and (b) of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant Byron Williams did knowingly manage and control a place, located at 6611 East 9th Avenue, #2 in Anchorage, Alaska, either as an owner, lessee, agent, or mortgagee; and

Second, the defendant did knowingly and intentionally lease, rent, or make available for use, with or without compensation, the place at 6611 East 9th Avenue, #2 for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

The United States does not have to prove that the primary or sole  purpose of the place was to allow the commission of illegal activity.


Authority:   Title 21, United States Code, Sections 856 (a)(2) & (b); United States v. Tamez, 941 F.2d 770, 774 (9th Cir. 1991).

INSTRUCTION No. 4

The defendants, Paula Roberds and Roderick Williams, are charged in Count 3 of the Indictment with Maintaining A Drug Involved Premises in violation of Title 21Section 856 (a)(1) and (b) of the United States Code.  In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants Paula Roberds and Roderick Williams did knowingly open, lease, rent, use, or maintain a place, located at 1303 West 23rd Avenue, #28 Anchorage, Alaska; and

Second, the defendants did so for the purpose of manufacturing, distributing, or using a controlled substance.

The United States does not have to prove that the illegal purpose need be the sole  purpose for which the place was used, but must be one of the primary or principal uses for which the place was used.


Authority: Title 21 United States Code, Section 856(a)(1).

INSTRUCTION NO. 5

KNOWINGLY- DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Authority: Ninth Circuit Pattern Instructions, § 5.6, 2003 Ed.

INSTRUCTION NO. 6

The defendant, Byron Williams, is charged in Count 4 of the Indictment with Possession of a Controlled Substance with Intent to Distribute, in violation of Sections 841(a)(1) and (b)(1)(A) of Title 21 United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant Byron Williams knowingly possessed, a controlled substance, to wit: cocaine base in the amount of 50 grams or more;

Second, that the defendant possessed the cocaine base with the intent to deliver it to another person; and

Third, that the cocaine base had a gross weight in excess of 50 grams.

It does not matter whether the defendant knew that the substance was cocaine base (crack). It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority: Ninth Circuit Pattern Instructions, § 9.13, 2003 Edition

# INSTRUCTION NO. 7

The defendant, Byron Williams, is charged in Count 5 with Attempted Possession of a Controlled Substance with Intent to Distribute.  In order for the government to prove that charge, the government must prove each of the following elements, beyond a reasonable doubt:

First, the defendant,  Byron Williams, intended to possess approximately 500 grams or more of cocaine and approximately 383.9 grams of MDMA [Ecstasy] with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of cocaine and MDMA with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.


Authority: Ninth Circuit Pattern Instructions § 9.14, 2003 Edition

INSTRUCTION No. 8

The defendants, Roderick Williams and Byron Williams, are charged in Count 6 of the Indictment with Attempted Possession of a Controlled Substance with Intent to Distribute.  In order for the government to prove that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendants intended to possess a mixture containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers; and

Second, the defendants did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Authority:  Ninth Circuit Pattern Instructions § 9.14, 2003 Edition

INSTRUCTION No. 9

The defendant, Roderick Williams, is charged in Count 7 of the Indictment with Witness Tampering, in violation of Section 1512(b)(1) and (j) of Title 18 United States Code.  In order for the government to prove the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Kelvin Washington was a potential government witness in the case of *United States v. Byron Williams, et al*, 3:05-cr-76-1-RRB;

Second, the defendant did knowingly use intimidation, threats, or corruptly persuades, or attempts to do so, another person, to wit: Kelvin Washington, with the intent to influence the testimony of Kelvin Washington in an official proceeding by having Kelvin Washington write in the false sworn statement that the defendant was not involved in the Drug Conspiracy described in Count 1 of the Indictment.


Authority: 18 U.S.C. § 1512(b)(1); *United States v. Khatami*, 280 F.3d 907 (9th Cir. 2002).