UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br><br>BYRON WILLIAMS,<br>LATONYA STUCKEY,<br>KELVIN WASHINGTON,<br>**RODERICK ONDRA WILLIAMS,**<br>MARIE INEZ HASAN-LOMAX,<br>TANYA E. CHAISON and<br>PAULA MARIE ROBERDS,<br>SHIRLEE ANN KAKARUK,<br><br>          Defendants. | 3:05-cr-00076–04-RRB-JDR<br><br>**RECOMMENDATION REGARDING MOTION TO DISMISS INDICTMENT AS MULTIPLICITIOUS**<br><br>(Docket No. 317) |

      Defendant **Roderick Williams** moves the court to dismiss Count 6 of the Fourth Superseding Indictment as multiplicitious with Count 1. Count 1 of the Indictment charges Williams with drug conspiracy in violation of 21 U.S.C. § 846, whereas Count 6

charges attempted possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 846.  Williams argues that Overt Act No. 6 of the alleged conspiracy in Count 1 describes the same conduct as set forth in Count 6 of the Indictment and is therefore multiplicitous.  He contends that Count 6 is "consumed" by Count 1.[1]  Williams is correct that both the particular overt act and the alleged criminal conduct described in Count 6 refer to the same date, time and place and may involve the same drug.

Multiplicity occurs by the charging of a single offense in several counts. United States v. Street, 66 F.3d 969, 975 (8th Cir. 1995).  The usual question in determining whether an indictment is multiplicitous is whether the two separate statutory provisions each require "proof an additional fact with the other does not."  United States v. McKittrick, 142 F.3d 1170, 1176 (9th Cir. 1998), citing Blockburger v. United States, 284 U.S. 299, 304 (1932).

Section 846 of Title 21 U.S.C. provides: "Any person who attempts or conspires to commit any offenses defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  Since both Counts 1 and 6 of the Fourth Superseding Indictment allege a violation of 21 U.S.C. § 846, the question is whether § 846 creates two offenses or merely describes two ways and means by which a single offense may be committed.  If the conduct constitute separate offenses then multiple punishment is possible.  The Supreme

---

[1] The Court reads the sentence to mean that Count 6 is subsumed by Count 1.

Court indicates that unless Congress has indicated clearly that it contemplates separate crimes doubt will be resolved against turning a single transaction into multiple offenses. Bell v. United States, 349 U.S. 81, 84 (1955). "The danger presented by multiplicitous charges is that the defendant will be punished more than once for a single crime, offending the Double Jeopardy Clause of the Constitution." United States v. Cassano, 372 F.3d 868, 881 (7th Cir. 2004).

The government relies upon the general principle that a conspiracy to commit an offense and the completed offense have traditionally been considered to constitute separate crimes. *See* Iannelli v. United States, 420 U.S. 770 (1975). There, however, the defendant had been convicted of violating 18 U.S.C. § 1955, a federal gambling statute and 18 U.S.C. § 371, a separate statute proscribing a conspiracy to commit an offense against the United States.

The government's analysis relies heavily on the Blockburger test. Blockburger provides the rule that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. The essential elements of conspiracy are as follows: (1) on or about a certain date there was an agreement between two or more persons to commit at least one crime as charged in the indictment; (2) the defendant became a member of the conspiracy knowing of at least of its objects and intending to help accomplish it and (3) one of the

members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy (with the fact-finder agreeing on a particular overt act that was committed). Ninth Circuit Model Criminal Jury Instruction 8.16 (2000). In order to establish attempted possession with the intent to distribute the government must prove the following essential elements: (1) the defendant intended to possess the controlled substance with the intent to deliver it to another person; and (2) the defendant did something that was a substantial step toward committing the crime, (with the fact-finder agreeing as to what constituted the substantial step). Ninth Circuit Model Criminal Jury Instruction 9.14 (2000). Counts 1 and 6 of the Indictment address different kinds of conduct. The conspiracy is like a criminal partnership and proscribes an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful. It does not matter whether the crime agreed upon was committed. The defendant becomes a member of the conspiracy by wilfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy even though the defendant may not have full knowledge of all the details of the conspiracy.

      Section 846 of Title 21 does not require proof of an overt act unlike the general conspiracy proscribed in 18 U.S.C. § 371. United States v. Shabani, 513 U.S. 10 (1994). To establish a drug conspiracy charge under § 846 the government need not plead or prove any overt act in furtherance of the conspiracy. To establish a conspiracy to possess drugs with intent to distribute the government must prove that the defendant knew the essential

objectives of the conspiracy and knowingly and voluntarily became a part of the conspiracy. United States v. Richard, 969 F.2d 849 (10th Cir. 1992), cert. denied 506 U.S. 887 and 1065. The government must prove beyond a reasonable doubt that the conspiracy to possess the drug with intent to distribute existed between two or more persons. Possession is not necessarily an element of the conspiracy to distribute the drugs. United States v. Esparsen, 930 F.2d 1461 (10th Cir. 1991), cert. denied 502 U.S. 1036. To commit a conspiracy under § 846 the defendant need not have intended to possess the controlled substance with the intent to deliver it to another person as required to convict for the offense of attempted possession under § 846. With respect to Count 1 the government is required to prove that a conspiracy existed although no such element is required for conviction of attempted possession under Count 6. Thus, the conduct addressed in Counts 1 and 6 of the Indictment satisfy the Blockburger test, but this does not end the analysis.

      Professor Wright suggests in his treatise that the Blockburger test is of little value in the instant situation. The real test he states is one of legislative intent to be ascertain from all the data available. Wright, Federal Practice and Procedure: Criminal 3rd § 142. Along that line the Ninth Circuit Court of Appeals *in dicta* addressed the very issue in a footnote in United States v. Taylor, 716 F.2d 701, 712, n.6 (9th Cir. 1983). Taylor was convicted of both attempt and conspiracy under 21 U.S.C. § 846. The Ninth Circuit held that on the facts of the case the relevant jury instruction was inadequate and reversed the defendant's conviction of attempt. *Id.* at 712. In Footnote 6 the court stated in relevant part:

> "We are also disturbed by an ambiguity in the statute that the defendants were convicted of violating. A single section of Title 21 makes 'attempt or conspiracy' to violate the Drug Abuse Prevention and Control Act a crime. 21 U.S.C. § 846. The statute seems to create only a single offense, denominated 'attempt or conspiracy'. The facts of this case indicate only a single course of action."

In its footnote the Court of Appeals noted that there was but a single course of criminal conduct in <u>Taylor.</u> The court further stated that the case might be suitable for the application of the doctrine of lenity whereby a "court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Footnote 6, citing <u>Whalen v. United States</u>, 445 U.S. 684, 695, n.10 (1980). The Ninth Circuit found it unnecessary to resolve the issue of lenity in <u>Taylor</u> because of its reversal of the conviction for attempt on other grounds. A review of case law has not revealed any later cases addressing the Ninth Circuit dictum.

In the instant case Williams states in his supporting memorandum that both Overt Act No. 6 of Count 1 and Count 6 allege the same date, time, place and involve the same drug and same persons. Docket No. 318, p.5. The government does not dispute this

characterization in its opposition. Thus, it appears that Count 6 relates to the same course of conduct the government will rely upon to support its proof as to Count 1 against Williams.

The government also cites United States v. Johnson, 977 F.2d 1360 (10th Cir. 1992), cert. denied 506 U.S. 1070 (1993). In Johnson the Court of Appeals held that the defendants' separate conviction for conspiracy to commit drug related crimes and for the drug offenses that formed the object of that conspiracy did not violate the Double Jeopardy Clause. The facts of Johnson are materially different. Johnson was convicted of conspiracy to commit various drug related crimes in violation of 21 U.S.C. § 846 and also for committing each of the substantive offenses that were the objects of the conspiracy count. The Tenth Circuit ruled that Johnson's conviction in Count 6 under 21 U.S.C. § 856(a)(1) and Count 4 under 21 U.S.C. § 846 did not violate the Double Jeopardy Clause. The court ruled that Johnson's separate convictions under § 856(a)(2) and for an attempt under § 846 did not violate the Double Jeopardy Clause. 977 F.2d at 1375. The Tenth Circuit did not address separate convictions for conspiracy and for attempt where both convictions were based on § 846.

The Ninth Circuit Court of Appeals' reasoning in Footnote 6 of Taylor appears appropriate and suggests that Williams' motion to dismiss on grounds of multiplicitous is well taken. Accordingly, the magistrate judge recommends that the government be required to elect between Count 1 and Count 6 with respect to defendant Roderick Williams; one of

3-05-cr-00076-04-RRB-JDR WILLIAMS @317 RR Re Mtn to Dismiss.wpd                    7

RR @317 Re Mtn to Dismiss
3-05-cr-00076-04-RRB-JDR            Signed by Judge John D. Roberts            06/22/2006; Page 7 of 8

the two counts should be dismissed as to defendant Roderick Williams as multiplicitous.  **IT IS SO RECOMMENDED.**

DATED this 22nd day of June, 2006, at Anchorage, Alaska.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall electronically file objections with the Clerk of Court no later than **10:00 A.M., Friday, June 23, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **2:00 p.m., Friday, June 23, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).