Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907-274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYRON WILLIAMS, | ) |
| LATONYA STUCKEY, | ) |
| CALVIN WASHINGTON, | ) |
| **RODERICK O. WILLIAMS**, | ) |
| MARIE INEZ HASAN-LOMAX, | ) |
| TANYA E. CHAISON, and | ) |
| PAULA M. ROBARDS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) Case No. 3:05-cr-76-4-RRB |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR NEW TRIAL

### I.   Facts.

On or about May 16, 2006, the grand jury handed down its
fourth superseding indictment in the above matter. Defendant
Roderick Williams was charged in Count I with drug conspiracy in
violation of 21 U.S.C. §§846, 841(a)(1)&(b)(1)(A),(b)(1)(B),
&(b)(1)(C), Count III maintaining a drug involved premises in
violation of 21 U.S.C. §§856(a)(1)&(b), Count VI attempted
possession of a controlled substance with intent to distribute

in violation of 21 U.S.C. §§846 & 841(a)(1)&(b)(1)(C), and Count VII witness tampering in violation of 18 U.S.C. §1512(b)(1)&(j).

Prior to the beginning of trial on June 26, 2006, Count VI, attempted possession of a controlled substance with intent to distribute, was dismissed by this court as multiplicitous.

During counsel for defendant's closing argument, Lance C. Wells made comments regarding the prosecution's failure to present various witnesses, including defendant's landlord where he resided at 1303 W. 23rd Avenue, #28, Anchorage, Alaska. Counsel for defendant argued that the landlord (Ms. Meade) would have provided testimony favorable to that of the defendant. That the government failed to call defendant's landlord as a witness due to what was perceived to be favorable comments that would be made on behalf of Mr. Williams. That the government had interviewed her at least on one occasion.

During the government's rebuttal closing, Asst. U.S. Attorney, Crandon Randell, made specific reference to the defendant's ability to utilize the subpoena process, to compel witnesses, and their testimony. The defendant could have just as easily called, as a witness, the defendant's landlord and/or various other persons.[1]

---

[1] At this time, a transcript is not available and, due to the short length of time before this motion's due date, an audiocassette or CD has not yet been made available.

Defendant's counsel objected to this statement, claiming it shifted the burden of proof from the prosecution to that of the defendant. The court overruled the objection and, within a minute or two, explained to the jury that the government had the burden of proof in this case, and that the defendant did not bear the burden.

## II. Argument.

The comments made by Asst. U.S. Attorney Crandon Randell amount to prosecutorial misconduct. The prosecutor's closing argument violated Mr. Roderick Williams' Fifth Amendment rights.[2]

It is fundamental that the Fifth Amendment prohibits the prosecution from commenting upon a defendant's decision not to testify. <u>Griffin v. California</u>, 380 U.S. 609, 615, 14 L.Ed.2d 106, 85 S.Ct. 1229 (1965). The court must determine whether the challenged comments were "manifestly intended to call attention to the defendant's failure to testify, or [are] of such a character that the jury would naturally and necessarily take [them] to be a comment on the failure to testify." <u>Gray</u>, 876 F.2d at 1416 [quoting <u>Lincoln v. Sunn</u>, 807 F.2d 805, 809 (9th Cir. 1987)].

---

[2] On appeal, if this motion is denied, the court will review a claim that the prosecutor's closing argument violated the appellant's Fifth Amendment rights de novo. <u>United States v. Gray</u>, 876 F.2d 1411, 1416 (9th Cir. 1989)(review such a claim "independently and non-deferentially"), cert. denied, 495 U.S. 930, 110 S.Ct. 2168, 109 L.ed.2d 497 (1990).

The prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify. <u>United States v. Soulard</u>, 730 F.2d 1292, 1306 (9th Cir. 1984).

The Ninth Circuit has held that a "comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced is not an infringement on the defendant's Fifth Amendment privilege". <u>United States v. Costelio</u>, 866 F.2d 1071, 1083 (9th Cir. 1988)(citations omitted); see also <u>Soulard</u>, 730 F.2d at 1306-07.

In applying these standards, it is defendant Roderick Williams' position that the prosecutor's rebuttal closing argument did, in fact, violate Mr. Williams' Fifth Amendment rights. The challenged portion of the argument was expressly directed to the defendant as well his counsel. While these comments were intended to highlight what the prosecutor felt may have been weaknesses in Mr. Williams' case, they were, in counsel's opinion, directed at Mr. Williams failure to take the stand, and to call witnesses on his behalf. These comments shifted the burden of proof to the defendant, Roderick Williams and away from the prosecution.

The district court judge overruled counsel's objection, and instructed the jury subsequently that the defendant was not required to prove his innocence and that the burden of proof

rested upon the government (a transcript will be filed or tape provided upon receipt so the exact wording may be reviewed). However, the jury was left with, in counsel's opinion (as these objections occurred in front of the jury), that the language used was manifestly intended or was such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. See <u>United States v. Fleishman</u>, 684 F.2d 1329, 1343 (9th Cir), cert. denied, 459 U.S. 1044, 74 L.Ed.2d 614, 103 S.Ct. 464 (1982).

Viewed in its proper context, the prosecutor's comment in this case called attention to Mr. Roderick Williams' failure to testify on his own behalf. See <u>United States v. Mende</u>, 43 F.3d 1298 (9th Cir. 1995).

Subsequent to the rebuttal closing of the government, jury instructions were read to the jurors, and an alternate released.

Ultimately, verdicts of guilty were returned as to Count I and Count III. As to Count VII, witness tampering, defendant was found not guilty.

### III. Conclusion.

Based upon the above, it is respectfully requested that defendant Roderick Williams be granted a new trial in the above matter.

DATED at Anchorage, Alaska, this 6th day of July 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
July 6th, 2006, a copy
of the foregoing was served
electronically:

Crandon Randell
Asst. U.S. Attorney
crandon.randell@usdoj.gov

▲ Byron Williams
D. Scott Dattan, Esq.
dattan@alaska.net

▲ Latonya Stuckey
Herbert A. Viergutz, Esq.
barmar@gci.net

▲ Calvin Washington
Rich Curtner, Asst. Defender
rich_curtner@fd.org
Sue Ellen Tatter, Asst. Defender
sue_ellen_tatter@fd.org

▲ Tanya E. Chaison
David R. Weber, Esq.
drweber@acsalaska.net

▲ Paula M. Robards
Thomas Burke Wonnell, Esq.
tburkewonnell@alaska.net

and by mail:

▲ Marie Inez Hasan-Lomax
  c/o Anchorage Jail
  1400 E. 4th Ave
  Anchorage, Alaska 99501

s/Lance C. Wells