Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYRON WILLIAMS, | ) |
| LATONYA STUCKEY, | ) |
| CALVIN WASHINGTON, | ) |
| **RODERICK O. WILLIAMS**, | ) |
| MARIE INEZ HASAN-LOMAX, | ) |
| TANYA E. CHAISON, and | ) |
| PAULA M. ROBARDS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) Case No. 3:05-cr-76-4-RRB |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Roderick O. Williams, by and through his
undersigned attorney of record, Lance C. Wells of the LAW
OFFICES OF LANCE C. WELLS, P.C., hereby submits this memorandum
in anticipation of imposition of sentence on September 28, 2006.

After a five-day trial, from June 26, 2006 through June 30,
2006, Mr. Roderick Williams was convicted of 2 counts: drug
conspiracy in violation of 21 U.S.C. §§846, 841(a)(1)&(b)(1)(A),
a class A felony, and maintaining a drug-involved premises in

violation of 18 U.S.C. §§856(a)(1)&(b), a class C felony. The maximum term of incarceration is life imprisonment, and a $4 million fine for count I, and, as to count II, a maximum of 20 years imprisonment and a $500,000 fine. Supervised release for the drug conspiracy is a maximum of 10 years and, for the maintaining count, 3 years. Each carries a $100 special assessment fee.

The statutory minimum mandatory, as a result of the 851 notice filed against Mr. Williams based on his prior drug offense, is 20 years.

For the reasons set forth herein, that sentence (20 years) is more than adequate to address all the relevant sentencing criteria and is, under the circumstances, the sentence that should be imposed.

Pursuant to 18 U.S.C. 3553, certain factors are to be considered in imposing a sentence:

> The court shall impose a sentence sufficient, but not greater than necessary to, comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   The need for the sentence imposed –

(A)   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   To afford adequate deterrents to criminal conduct;

(C)   To protect the public from further crimes of the defendant; and

(D)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   The kinds of sentence available;

(4)   The kinds of sentence and the sentencing range established for –

(A)   The applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines –

(B)   ...

(5)   The need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct; and

(6) The need to provide restitution to any victims of the offense.

The Guidelines sentence recommendation as indicated in the final pre-sentence report is 235 to 293 months. See Advisory U.S.S.G. Ch. 5, Pt A. However, because the statutory minimum sentence for count I is 20 years, the Guideline range becomes 240 to 293 months. (Although the maximum term of incarceration for count III is 240 months.) This equates to 20 years to 24.41 years. Mr. Roderick Williams is 37 years old. Even the mandatory minimum sentence may actually become a life sentence.

Mr. Williams can be best described as an entrepreneur, who is skilled in the art of music, janitorial work and food service/preparation. Mr. Williams exhibits some talents outside the arena of his present legal problems. Mr. Williams has an engaging, and outgoing personality as well as a high school education, and some college.

It is obvious, however, that since the age of 17, he has had some difficulties with the law. His criminal history points compilation consist of an assault in the fourth degree in 1997, an assault in the fourth degree in 2002, a violation of protection order in 2002, felony misconduct involving a controlled substance in 2002, unlawful evasion in 2003, and an

assault conviction in the fourth degree in 2005. These, coupled with being on probation and his relatively recent release from incarceration, give Mr. Williams a total criminal history of 12 points. Given the nature of the criminal history, and convictions, it is not hard to understand why Mr. Roderick Williams has had rather spotty employment throughout much of his adult life.

Mr. Williams has set forth several objections to the draft pre-sentence report, and they are incorporated herein by reference as though fully set forth. First, Mr. Williams objects to and denies that he obstructed justice in any way in this matter. The affidavit prepared by Calvin Washington was prepared by Mr. Washington of his own free will, and without any involvement and/or intervention by Mr. Roderick Williams. The jury previously acquitted Mr. Williams as to this count.

Mr. Williams further objects to the probation officer not finding him to be a minor participant pursuant to Advisory Guideline U.S.S.G. §3B1.2(b). It is Mr. Williams' position that he did not arrange for, transport, or pick up any packages associated with the delivery of any drugs. Mr. Williams rented his apartment for which he was later convicted of count III, "maintaining a drug-involved premises", only two weeks prior to the termination of the conspiracy. Mr. Williams' sole association in this matter was that of a buyer/seller

relationship, and that Mr. Williams was addicted to cocaine and would purchase cocaine from Mr. Byron Williams. Mr. Williams steadfastly and adamantly denies that he was part of any ongoing conspiracy. As such, it is Mr. Williams' position that he should receive a 2 point reduction based on his position as a minor participant.

Taking the above into consideration, the adjusted offense level (subtotal) should read "30". The total offense level should also read "30". Under Advisory Guideline U.S.S.G. §2D1.1(a)(3), which caps the base offense level for "mitigating role" defendants and drug cases at level 30. See also <u>United States v. Rojas-Millan</u>, 234 F.3d 464 (9th Cir. 2000). The Guideline provision should read, based on a total offense level of 30, and criminal history category V, the Guideline imprisonment range is 151 to 188 months. However, Mr. Williams is subject to a statutory minimum sentence for count I: 20 years pursuant to 21 U.S.C. §851. The maximum term of incarceration for count III is 240 months: 20 years.

Unless there is nothing more to imposing sentence than warehousing Mr. Williams for something more than 20 years, provisions should be made to assist him with educational and vocational endeavors so that when, or if, he is released from custody, he can support himself and become a contributing member to society.

As this court well knows, defendants similarly situated have received sentences of 20 years.

As stated at the outset, there is no viable method of seeking reduction below the mandatory minimum. But, the public will be protected, and deterrents (to the extent it ever works) will be just as effective with a sentence of 20 years. Under the circumstances of this case, with this defendant, the sentence which is sufficient, but not greater than necessary to comply with the statutory purposes, is 20 years. Such a sentence is extreme, but it is the minimum required by law.

Mr. Williams further requests the court recommend his entry in to the DAP program within the BOP as Mr. Williams is addicted to cocaine powder.

Lastly, that no monetary fine be imposed as Mr. Williams does not have the means in which to pay a fine.

RESPECTFULLY SUBMITTED this 19th day of September 2006.

LAW OFFICES OF LANCE C. WELLS, P.C.

s/Lance C. Wells
Attorney for Roderick O. Williams
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19th, 2006, a copy of the foregoing was served electronically:

Crandon Randell
Asst. U.S. Attorney

s/Lance C. Wells