## NOT FOR PUBLICATION

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

**FILED**

**SEP 26 2007**

CATHY A. CATTERSON, CLEI
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-30511 |
| Plaintiff - Appellee, | D.C. No. CR-05-00076-JDR |
| v. | |
| PAULA M. ROBERDS, | MEMORANDUM* **RECEIVED** |
| Defendant - Appellant. | JAN 0 2 2008 |
| | CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K. |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-30512 |
| Plaintiff - Appellee, | D.C. No. CR-05-00076-1-RRB |
| v. | |
| BYRON WILLIAMS, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-30574 |
| Plaintiff - Appellee, | D.C. No. CR-05-00076-4-RRB |
| v. | |

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

RODERICK WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 7, 2007
Anchorage, Alaska

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

This consolidated appeal is from the joint trial of Paula M. Roberds

("Roberds"), Roderick Williams, and Byron Williams for offenses arising from a

criminal conspiracy to transport to and distribute drugs in Anchorage, Alaska. We

have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.

Byron Williams

Byron Williams appeals his convictions of drug conspiracy in violation of

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)-(C), maintaining drug-involved premises in

violation of 21 U.S.C. § 856(a)(2), (b), possession of a controlled substance with

intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and two counts

of attempted possession of a controlled substance with intent to distribute in

violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)-(C). We reject Byron

Williams' claim that the Double Jeopardy Clause barred his prosecution of all but

2

the drug conspiracy charge. It has long been established that "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 389 (1992); *see United States v. Wylie*, 625 F.2d 1371, 1381-82 (9th Cir. 1980). Nor was Byron Williams subjected to multiple punishments in violation of the Double Jeopardy Clause as he attempted or conspired to violate the drug laws on two or more separate occasions. *See United States v. McQuisten*, 795 F.2d 858, 868 (9th Cir. 1986).

Roderick Williams

Roderick Williams appeals his convictions of drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)-(C) and maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1), (b). We reject his claims that there was insufficient evidence to convict him of either offense and that he was unconstitutionally sentenced on the basis of conduct for which he was acquitted.

Drug paraphernalia and residue seized from Roderick Williams' apartment and the testimony of co-conspirators that Roderick Williams sold cocaine out of his apartment, picked up cocaine to be distributed from Byron Williams, and came to the airport to pick up a drug courier are sufficient to sustain his conviction on both counts. *See United States v. Delgado*, 357 F.3d 1061, 1068-70 (9th Cir. 2004); *United States v. Basinger*, 60 F.3d 1400, 1404-06 (9th Cir. 1995). This Court has

3

held that it does not violate the Sixth Amendment to sentence defendants based on conduct for which they were acquitted. *United States v. Mercado*, 474 F.3d 654, 657-58 (9th Cir. 2007).

Paula M. Roberds

Roberds appeals her conviction of maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1), (b). Viewing the evidence in the light most favorable to the government, no rational trier of fact could have found beyond a reasonable doubt that she possessed the essential *mens rea* element of the crime. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Section 856(a)(1) requires that the government prove that Roberds' purpose in maintaining her apartment was to manufacture, distribute, or use a controlled substance. *United States v. Tamez*, 941 F.2d 770, 774 (9th Cir. 1991). The government presented ample evidence that Roberds knew that Roderick Williams was manufacturing, distributing, and using drugs in the apartment they shared and some evidence that she knowingly assisted him in carrying out a drug transaction on the street. However, the government did not present any evidence of Roberds' purpose in maintaining the apartment, which furnished shelter to herself and to her child. *See* Model Penal Code § 2.02(2)(a)(i) (2006). That she knew what was going on cannot sustain beyond a reasonable doubt the inference that to help

4

Williams' drug business was a purpose in her renting the apartment. *See United States v. Verners*, 53 F.3d 291, 297 (10th Cir. 1995). No doubt, it served his ends. No doubt she permitted the drug business to continue apparently without objection on her part. But no rational jury on the evidence presented could have concluded that the government had proved on her part a criminal purpose as required by § 856(a)(1): "[I]t shall be unlawful to-- (1) knowingly open, lease, rent, use, or maintain any place . . . for the purpose of manufacturing, distributing, or using any controlled substance . . . ."

The government did produce in evidence a notebook whose first page contained a paragraph purporting to be written by Roberds, in which the writer stated that she had "lyed to the police about the incedent because I was drinking, emotional, and angry because roderick was cheating on me." On the face of it, this paragraph looks like something she had done herself or Roderick had done himself or forced Roberds to do to create some sort of alibi for Roderick. The government produced no evidence that it was in Roberds' handwriting. A "Food List" that is on the third page appears to be in a different hand. The fifth page begins, "Hi my name is Paula Roberds and I am practicing my cursive hand writing . . . ." Examples follow on this page and a subsequent one. Several pages later these notations appear:

| 25.8  | 1050 Full     |
|-------|---------------|
| 26.6  | 550 half      |
| 26.5  | 300 seven     |
| ----- | 170 ball      |
| 78.9  | 1.7 teen 100  |

After a large number of blank pages in the second section of the three-subject notebook, there are four sentences about childraising. The next page is devoted to "Stuff to do to Doupfien," apparently an enemy, and "Stuff to do for my baby." Hundreds of blank pages follow.

In closing argument, the prosecutor made a throwaway reference to the notebook, carefully avoiding any claim that the government had established the hand that wrote the drug notations on one page of it. A jury could guess that Roberds kept a "drug ledger." The guess would have been a leap far beyond the evidence before it.

We AFFIRM the convictions of Byron Williams and Roderick Williams, and REVERSE Paula M. Roberds' conviction of maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1), (b).

6



A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

DEC 2 1 2007

by_____    Signature Redacted
Deputy Clerk

**FILED**

*United States v. Roberds*, No. 06-30511+

WALLACE, Circuit Judge, concurring and dissenting:

**SEP 26 2007**

CATHY A. CATTERSON, CLEI
U.S. COURT OF APPEALS

I agree with the majority's affirmance of the convictions of Byron Williams and Roderick Williams. But I would also affirm Paula Roberds' conviction. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that Roberds maintained, at least in part, a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), (b).

In addition to evidence that Roberds was fully aware that Williams was manufacturing, distributing, and using drugs in the apartment that they shared, there are two additional pieces of evidence that a rational jury could have relied on to conclude that Roberds possessed the requisite *mens rea* for her conviction. First, the government presented testimony that Roberds drove a vehicle during what the jury could find to be a drug transaction; when searched, the vehicle yielded an open, cash-filled purse believed to belong to Roberds. Although her participation in that drug transaction does not directly prove that she maintained her apartment for drug-related purposes, in a light most favorable to the government it supports an inference the jury could properly draw that she was involved and, together with the evidence found in the apartment itself, that she had, as one purpose of maintaining her apartment, the facilitation of Williams' drug business.

Second, reviewing the evidence in a light most favorable to the government, a rational jury could have concluded that the notebook in evidence belonged to Roberds and that the list of drug quantities and prices was in her handwriting. The notebook begins, "I Paula Roberds." The majority speculates it may not be in her handwriting but the jury can make a different finding and, reviewing in a light most favorable not to the majority's view but to the government, it did. This suggests at least some active participation in the drug business going on in her apartment and a rational jury could have concluded that Roberds was not merely a passive observer, but that she actively participated in Roderick Williams' drug transactions.

The statute does not require that Roberds' *sole* purpose in maintaining the apartment was to manufacture, distribute, or use a controlled substance. *See United States v. Tamez*, 941 F.2d 770, 773-74 (9th Cir. 1991). That one of her purposes in maintaining the apartment was to facilitate the sale of drugs could have been inferred by a rational jury based on the evidence presented, and I would affirm Roberds' conviction.