**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

<u>  UNITED STATES OF AMERICA  </u>   v.   <u> RODERICK WILLIAMS </u>

THE HONORABLE RALPH R. BEISTLINE

D<small>EPUTY</small> C<small>LERK</small>                                          CASE NO. <u> 3:05-cr-00076-RRB </u>

<u> Carolyn Bollman </u>

<u>PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**     DATE: January 10, 2008</u>

On December 18, 2007, Roderick Williams filed an "ex parte application to unseal and compel disclosure of grand jury transcripts."[1]  Mr. Williams states that he needs the transcripts to prepare his post-conviction petition.

However, the Court provides forms for filing such petitions, and transcripts are unnecessary to complete this simple form. Detail, such as the testimony given in grand jury proceedings, is not required or necessary.

Further, as the United States Supreme Court has explained, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."[2]  The Court goes on to note that there are several reasons for safeguarding the confidentiality of grand jury proceedings:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they

---

[1]  *See* Docket No. 546.

[2]  *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).

[williams grand jury.wpd]{IA.WPD*Rev.12/96}

testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.[3]

Therefore, Mr. Williams' motion will be provisionally denied. If, at a later date, it is determined that a portion of the grand jury transcripts are necessary,[4] Mr. Williams or his attorney (if he proceeds with the assistance of counsel in his post-conviction proceedings), may renew the motion.

IT IS SO ORDERED.

---

[3] *Id*. at 219.

[4] *See id*. at 221 (accommodating the competing needs for secrecy and disclosure in the interests of justice); *see also In re Grand Jury Proceedings*, 62 F.3d 1175, 1179 (9th Cir. 1995) (parties "must show that the material they seek is needed to avoid a possible injustice ..., that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. ... [T]he burden of demonstrating this balance rests upon the ... party seeking disclosure.") (quoting *Douglas Oil*, 441 U.S. at 222-223).

[williams grand jury.wpd]{IA.WPD*Rev.12/96}